## THE STATE OF IOWA v. KENNEDY.

1. **Criminal law:** EVIDENCE OF CONVICT. The defendant in a criminal action possesses no absolute right, under the Constitution, and section 4019, Revision of 1860, to demand the personal attendance of a convict, under an order of the court, to testify as a witness on the trial. The exercise of this power is discretionary with the court, and will be interfered with only in cases of manifest abuse.

*Appeal from Dubuque District Court.*

SATURDAY, JUNE 9.

THE facts are stated in the opinion of the court.

*W. J. Knight* for the appellant.

*F. E. Bissell*, Attorney-General, for the State.

LOWE, Ch. J.— John and Thomas Kennedy were indicted for the murder of one Thomas Dolan. On their arraignment and trial under the plea of not guilty, they were duly convicted. John was sentenced to the penitentiary, and to Thomas was awarded a new trial. When his case came up for a rehearing, he applied to the court for an order to have John Kennedy, then imprisoned in the penitentiary, produced in court as a witness for the defense. The refusal to grant such an order is made a ground of complaint in this court. The defendant bases his right to the order for the production of the witness, on the clause in the Constitution securing to him compulsory process to compel the attendance of his witness, and also on section 4019 of the Revision, read-

1. CRIMINAL LAW: evidence of convict.

ing as follows: "A person confined in any prison in this State may, by the order of any court of record, be required to be produced for oral examination in the county where he is imprisoned, and in a criminal case, in any county in the State."

Literally construed, this section would seem to limit the power of the court to make such an order only when the witness is confined in a county prison; for in one class of cases it expressly says it may be exercised for the oral examination of a witness in the county where he is imprisoned, but in criminal cases in any county in the State; that is, he may be produced by the order of the court from his prison in any county in the State. Whether, even by a liberal construction, this would include the penitentiary, there is, to say the least, room for doubt; and as there is no necessity in this case to determine that point, we prefer for the present, to leave it open, remarking, that whether the power exist inherently in the court or arises out of the section of the Revision referred to, nevertheless we unite in holding that the defendant possesses no absolute right under the Constitution or the statute in question to demand the personal attendance of a convict in the penitentiary or county prison under an order of the court, but that the exercise of this power is discretionary, with which we will not interfere except for manifest abuse. Failing to discover the traces of any such abuse in this case, the action of the court is accordingly

Affirmed.