(89 South. 862)

## STATE v. BROWN. (6 Div. 910.)

(Court of Appeals of Alabama. May 31, 1921. Rehearing Denied June 21, 1921.)

Witnesses ☞18—Convict cannot compel his being allowed to testify as witness in his civil action for injuries by writ of habeas corpus ad testificandum.

Under Code 1907, §§ 6559–6561, 7890, as to obtaining testimony of convicts in civil and criminal cases, all of which sections relate to one subject, and must be construed together, where a life convict sued for personal injuries received while being worked in the mines of defendant as a convict, he could not, by writ of habeas corpus ad testificandum, require his production to testify in his case; as the statutory method of procuring testimony of convicts is exclusive, and does not provide for such a case, but impliedly excludes it by limiting to criminal cases the state'si right to compel a convict's attendance as a witness.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

John Brown, a life convict, was injured in the mines of the Montevallo Mining Company while being worked therein as a convict, and brought his suit for damages for the injuries. When the case was set for trial, his attorneys brought habeas corpus ad testificandum, and from an order directed to the warden general to produce John Brown to testify in his case, the State appealed, the defendant in the damage suit joining in the appeal. Reversed and remanded, with directions.

Harwell ·G. Davis, Atty. Gen., and Nesbit & Sadler, of Birmingham, for appellants.

The Legislature has the power to prescribe the method to be pursued in securing the evidence of convicts. 91 Mo. 228, 4 S. W. 91, 60 Am. Rep. 250; 82 Cal. 456, 22 Pac. 1121. The statute clearly indicates that the method provided by the statute excludes every other method. Sections 6550–6559 and 7890, Code 1907. 36 Cyc. 1122; 25 R. C. L. 981; 145 Ala. 202, 40 South. 108; 55 Ala. 198; The word "may," as used in section 6559, means "must." 146 Ala. 449, 42 South. 400; 28 Ala. '28; 9 Port. 390, 33 Am. Dec. 320; 9 Ala. 395, 189 Ala. 395, 66 South. 686.

J. L. Peters, of Columbiana,. and Black & Harris, of Birmingham, for appellee.

There is ample authority for the issuance of the writ by the circuit court. 166 Fed. 71, 91 C. C. A. 657, Ann. Cas. 1915D, 1025; 100 Ky. 143, 37 S. W. 594; 129 Cal. 258, 61 Pac. 961; 14 Misc. Rep. 31, 35 N. Y. Supp. 237. 72 Ga. 673; 140 Ky. 634, 131 S. W. 521; 4 Wig. 199. There was no power to procure depositions at common law. 15 Ala. 832; 102 N. Y. 597, 8 N. E. 214. All statutes are construed as not infringing upon the common law further than it expressed. 72 Ala. 323; 67 Ala. 237; 182 Ala. 419, 62 South. 712, 47 L. R. A. (N. S.) 607 The remedy by statute is therefore cumulative. 187 Ill. 480, 58 N. E. 448; 26 Mont. 140, 66 Pac. 759; 161 Pa. 473, 29 Atl. 103, 24 L. R. A. 247, 41 Am. St. Rep. 894; Lewis' Sutherland, Statutory Construction, §§ 453–455 and 720. John Brown can maintain an action and testify in his own behalf. Section 4008, Code 1907; sections 13 and 19, Const. '1901; 83 Ga. 549, 10 S. E. 435; 23 Fla. 478, 2 South. 851; 18 R. I. 590, 30 Atl. 470, 26 L. R. A. 232; 7 Paige, 150; 1 N. J. Law, 315.

BRICKEN, P. J. This is an appeal from an order of one of the circuit judges of Jefferson county issuing a writ of habeas corpus ad testificandum directing the state warden general to produce one John Brown, a convict serving a life sentence in the penitentiary, as a witness in his own behalf in civil suit for damages against the Montevallo Mining Company. The important issue presented by the record is the authority ·of the circuit judge to issue the writ.

The attendance of witnesses restrained of their liberty may generally be compelled by the issuance of a writ of habeas corpus ad testificandum directed to the officer or person in whose custody or control the witness is. The writ is issuable at the discretion of the court. 3 Wigmore on Evidence, § 2199; 1 Greenleaf on Evidence, § 312; Underhill on Criminal Evidence, § 259.

Sections 6559–6561 and 7890 of the Criminal Code of 1907, provide for obtaining the testimony of convicts both in civil and criminal cases, and these sections, though section 7890 is not in juxtaposition with the other three sections, all relate to one subject, and must be construed together. Hatchett v. Billingslee, 65 Ala. 16.

These sections provide that the testimony of a convict may be obtained on deposition, except where the convict is a witness for the state in a criminal case, and the state is unable to secure other evidence of the facts. This section (6560) limits the right of the state to compel attendance of a convict as a

witness to criminal cases, and by unmistakable inference deprives the state of such a privilege in a civil suit.

The court will not indulge the absurd presumption that the Legislature intended to deprive the state of such a right and permit it to be exercised by a convict, one who has been adjudged guilty of violating the laws of the land. 25 R. C. L. p. 1019, § 257. This exception in favor of the state to the rule that such testimony must be secured on deposition was compelled by that provision of section 6 of the Constitution of 1901, giving an accused the right to be confronted by the witnesses against him. Furthermore, section 6561, in providing the method of removing convicts from the penitentiary to the court as witnesses, limited the method to cases where the convict is a witness for the state in a criminal case. The Legislature, having directed its mind to this specific matter, is presumed to have covered every case in which a removal is allowed. It is clear that the lawmakers intended to state the entire law relative to obtaining the testimony of convicts, and to make the method provided in these Code sections exclusive. Gibson v. Mabry, 145 Ala. 112, 40 South. 297; Bragg v. State, 134 Ala. 165, 32 South. 767, 58 L. R. A. 925.

The provisions contained in these sections of the Code have been contained in several successive Codes. The practice of all these years has been to secure the testimony of convicts by deposition, except where the convict was a witness for the state in a criminal case. This practice should be given much weight in determining the meaning of these sections. Macon County v. Abercrombie, 184 Ala. 283, 63 South. 985; Shepherd v. Sartain, 185 Ala. 439, 64 South. 57; State v. Board, 183 Ala. 554, 63 South. 78.

It is the opinion of the court that the statutory method of securing the testimony of convicts is exclusive, and that the circuit judge was without authority to issue the writ of habeas corpus ad testificandum to compel the state warden general to produce John Brown as a witness in a civil case.

The case is therefore reversed, with direction that the application for the writ be denied.

Reversed and remanded, with directions.

---

⏚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes