(91 South. 306)

### Ex parte BROWN.

### STATE v. BROWN.

### (6 Div. 502.)

(Supreme Court of Alabama.   Oct. 20, 1921.)

Witnesses ⬅18—Writ of habeas corpus ad testificandum superseded.

Code 1907, § 6559, providing that the testimony of convicts in civil suits may be taken on interrogatories and notice, supersedes the writ of habeas corpus ad testificandum to procure the testimony of an imprisoned convict.

Certiorari to Court of Appeals.

Petition by John Brown for a writ of certiorari to review the action of the Court of Appeals (89 South. 862) in reversing an order of the circuit court of Jefferson county awarding a writ of habeas corpus ad testificandum to the State Warden General to produce the petitioner before the circuit court to testify as a witness in a civil action by petitioner.   Writ denied.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Black & Harris, of Birmingham, for appellant.

The circuit court had the inherent power to issue the writ. 3 Wigmore on Evidence, § 2199; 1 Greenleaf, § 312; 166 Fed. 71, 91 C. C. A. 657, Ann. Cas. 1915D, 1025; 14 Misc. Rep. 31, 35 N. Y. Supp. 237. Statutes are construed with reference to the common law, and abrogation and appeal is not favored. 72 Ala. 323; 66 Ala. 244; 67 Ala. 237; 8 Ala. App. 352, 63 South. 28; 182 Ala. 419, 62 South. 712, 47 L. R. A. (N. S.) 607; 36 Cyc. 1145; 164 Ala. 529, 51 South. 159; 80 Ala. 219; 110 Misc. Rep. 303, 180 N. Y. Supp. 520; 80 Ga. 678, 7 S. E. 137.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

McCLELLAN, J. Petition for writ of certiorari to review the action of the Court of Appeals in reversing the order of the circuit court of Jefferson county awarding habeas corpus ad testificandum to require the State Warden General to produce John Brown (petitioner), a life-term convict, before the circuit court to testify as a witness in said Brown's civil action for damages for personal injuries against the Montevallo Mining Company, in the custody and control of which corporation said life-term convict was when injured.

The Court of Appeals decided, and we think correctly, that the statutory provisions (particularly Code, § 6559)—cited in that opinion—operated long ago to change and entirely supersede the common-law writ of habeas corpus ad testificandum (a manifestation of inherent judicial power at common law), as the means and method for requiring the production of incarcerated persons for examination as witnesses in civil causes. The opinion of the Court of Appeals is satisfying in its treatment of the single question presented and there decided.

Whether, in view of the provisions of Code, § 7637, pronouncing life-term convicts "civilly dead" except for the purpose of seasonably making a will, a life-term convict may sue in a civil action; and, if so, whether as a party plaintiff, not simply as a witness, he has a right to be present at the trial of his civil action, are questions not necessary to this review, the petition being designed alone to secure the presence in the circuit court of petitioner as a witness, not as a party plaintiff. To these not considered but possible questions very much of the argument for petitioner has reference.

The writ is denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.