18 So.2d 694

**PIRKLE v. STATE.**

**6 Div. 83.**

Court of Appeals of Alabama.
June 27, 1944.

Harold Price, of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of robbery, and his punishment fixed at imprisonment in the penitentiary for the term of twenty years. Code 1940, Tit. 14, Sec. 415.

The appeal is on the record proper, without bill of exceptions—or, the case being tried since the effective date of the act of the Legislature approved July 12, 1943 (said effective date being September 1st 1943), found in General Acts of Alabama Regular Session 1943 and Special Session 1942 p. 423, also codified as Secs. 827(1) et seq. of the 1943 Cumulative Pocket Part of the Code of 1940, Tit. 7, without whatever may be designated as the substitute for the "bill of exceptions" as we formerly knew it.

The record seems regular in all respects; the indictment, arraignment, trial, conviction and sentence presenting nothing calling for comment.

It does appear that upon the day set for the trial of the case the Attorney who had been appointed to represent appellant, and who was representing him, was instrumental in causing the minute entry which we quote to state the facts, viz.:

"This the 6th day of December, 1943, came R. E. McAdory, Solicitor, who prosecutes for the State of Alabama, and also came the defendant in his own proper person and by attorney, and said defendant files motion for the Court to issue an Order to the Convict Department of the State of Alabama to produce in Court as a witness in this case one, Holland Glazier, who is now a convict in the State Penitentiary; which said motion being considered by the Court, it is ordered by the Court, and it is the judgment of the Court, that said motion be and the same is hereby overruled; to which action of the Court in overruling defendant's motion to order said convict, Holland Glazier, as a witness in the trial of his case, said defendant hereby duly and legally excepts. And it is ordered by the Court that this case be and the same is hereby passed to December 8th, 1943."

On December 8, 1943, appellant was duly tried, and convicted.

Upon this appeal we can see nothing worthy of mention unless it be the action of the trial court in overruling appellant's motion described in the minute entry we have quoted above. Out of deference to the earnest insistence of his counsel, in his brief filed here, that this action of the court was error to reverse the judgment, we will express our views.

They are, briefly, that the question presented has been heretofore certainly in effect decided by this court adversely to appellant's contention. And this court's decision was fully approved by our Supreme Court. See State v. Brown, 18 Ala.App. 205, 89 So. 862, and Ex parte Brown (State v. Brown) 206 Ala. 528, 91 So. 306.

As Presiding Judge Bricken, for this court, clearly pointed out in the opinion in the said Brown case cited above, the statutory method of procuring testimony of convicts is exclusive. Said statutory method is found, for such as appellant in this case, in Code 1940, Tit. 15, Sec. 301. The provisions of Code 1940, Tit. 45, Sec. 61 are, as appears, only for the benefit of the State—in specified circumstances.

We observe no error; and the judgment is affirmed.

Affirmed.