**NEELY v. UNITED STATES.**

No. 8649.

United States Court of Appeals
District of Columbia.

Argued June 6, 1944.

Decided July 10, 1944.

Mr. J. Carroll Hayes, of Washington, D. C., with whom Mr. William J. Kelly, of Washington, D. C., was on the brief, for appellant.

Mr. John L. Ingoldsby, Jr., Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Charles B. Murray, Assistant United States Attorney, both of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

Appellant was convicted of murder in the first degree and sentenced to death. The evidence was more than sufficient to sustain the verdict. Only one of the grounds for error presented on this appeal merits discussion.

It appears that appellant was arrested on Saturday, May 8, 1943. He was confined in jail until the following Monday. He was then taken before the coroner for an inquest. Appellant was not represented by counsel at the inquest but the coroner informed him of his constitutional rights. He was further advised that he was not required to make a statement and that if he did so it could be used against him in any subsequent proceeding. After being so advised appellant voluntarily made an exculpatory statement, parts of which later turned out to be inconsistent with his testimony at the trial.

At the trial appellant testified in his own behalf. On cross-examination the United States Attorney sought to impeach him by questions which concerned his statements at the coroner's inquest. This cross-examination was alleged as error under the authority of McNabb v. United States.[1] The contention of appellant is that a coroner is not a committing officer for the District of Columbia and, therefore, statements made at a coroner's inquest should be treated in the same way as if defendant had been unreasonably detained without a hearing or commitment and subjected to questioning in private.

We do not believe that the principle of the McNabb case as later construed in the Mitchell[2] case is intended to cover a public hearing before a coroner. None of the evils of prolonged questioning of criminal defendants in private in order to get damaging admissions can follow from the orderly and public process of an inquest. The coroner has a duty to take the testimony of witnesses.[3] His authority includes taking the testimony of probable de-

---

[1] 1943, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819.

[2] United States v. Mitchell, 1944, 322 U.S. 65, 64 S.Ct. 896.

[3] D.C.Code 1940, § 11—1205: "Witnesses may be summoned and compelled by the coroner to attend before him and give evidence, and shall be liable in like manner as if the summons had been issued by the municipal court. And it shall be his duty, upon every inquisition taken before him, where any person is charged with having unlawfully caused the death of the person on whom the inquest is held, to reduce the testimony of the witnesses to writing, and if the jury find that murder or manslaughter has been committed on the deceased, he shall require such witnesses as he thinks proper to give a recognizance to

fendants provided it is given voluntarily after advice as to their rights. In taking such testimony the coroner does not act as a prosecuting officer. He sits in a quasi judicial capacity. Statements made under such circumstances afford every necessary safeguard to a defendant and may, therefore, be used later against him if he testifies at his trial.

Affirmed.

appear and testify in the District Court of the United States for the District of Columbia, and shall return to said court

the said inquisition and testimony and recognizance by him taken."