## UNITED STATES v. NEELY.

### Cr. No. 72187.

District Court of the United States for the District of Columbia.

March 5, 1945.

Edward M. Curran, U. S. Atty., and John L. Ingoldsby, Jr., Asst. U. S. Atty., both of Washington, D. C., for the United States.

John L. Laskey (by appointment of the Court) and J. Carroll Hayes, both of Washington, D. C., for defendant (petitioner).

PINE, Justice.

On June 21, 1943, defendant was indicted for the murder of a policeman who had responded to a call after defendant had shot and seriously wounded his wife. He was found guilty by a jury of murder in the first degree, and, motion for new trial having been denied, he was sentenced to be executed. The Court of Appeals affirmed the judgment, 144 F.2d 519, and the Supreme Court denied certiorari, 65 S.Ct. 83.

On February 2, 1945, defendant filed an "Amended Petition for Writ De Lunatico Inquirendo and Petition for Assistance of the Court in Obtaining Testimony and Evidence." Pursuant to a hearing on that date, an order was entered granting Prayer 1 of the petition, and directing the Commission on Mental Health to examine into the mental condition of defendant and to report the results of the examination promptly to the Court. This made unnecessary a ruling on Prayer 2, which was an alternative to Prayer 1, and prayed the Court to direct the employment at public expense of a physician experienced in the diagnosis and treatment of mental diseases to examine into the mental condition of the petitioner and report the result of his examination to the Court.

On February 27, 1945, the Commission on Mental Health reported its finding that Monroe D. Neely is of sound mind, and has given its reasons for such finding. The case is now before me for decision on Prayer 3 of the petition, which seeks the issuance of a writ de lunatico inquirendo.

The applicable statute is Section 24—301, D.C.Code 1940, which, so far as material, provides that, "whenever a person is indicted * * * and * * * after a verdict of guilty, prima facie evidence is submitted to the court that the accused is then insane, the court may cause a jury to be impaneled * * * to inquire into the insanity of the accused, and said inquiry shall be conducted in the presence and under the direction of the court."

The question, therefore, before me is whether prima facie evidence has been submitted to the Court that the accused is in-

sane. In this connection, I have for consideration the affidavits of Edwin C. Gregory, an attorney at law at Salisbury, North Carolina, Ida Neely, sister of petitioner, and Lonnie Neely, brother of petitioner, the testimony taken on February 2, 1945, on the occasion of the first hearing on the amended petition above referred to, the testimony taken on March 2, 1945, on the occasion of the second hearing on said petition, the report of examination by the Commission on Mental Health, the transcript of record at the trial of petitioner, and the appearances of the petitioner before me since trial.

Pertinent opinions of the Court of Appeals on this question are found in the cases of Gonzales v. United States, 40 App.D.C. 450, and Jackson v. United States, 58 App. D.C. 125, 25 F.2d 549.

Petitioner has testified that he is 35 years of age, was born in North Carolina, and lived there until he was about 20 years old. Affiant Gregory, for whom petitioner worked in North Carolina, states that he has a reputation for being irrational, and on information and belief he gives certain examples of alleged irrational acts. Affiant Ida Neely states that he is subject to "bad brain spells," at which times he is irrational, and she gives certain examples of alleged irrational acts, some of which are repetitions of those given in the Gregory affidavit. Affiant Lonnie Neely states that since petitioner received a severe blow on the head as a child, he "has never been in his right mind, but was constantly doing some fool and crazy act." He also gives examples of such alleged acts. Affiants Gregory and Ida Neely state that petitioner, when about three years old, received a skull fracture. The acts given as examples show a brutal, violent, turbulent, and undisciplined nature. They do not show insanity of such a character as would exempt him from the consequences of his criminal act. Several of the examples, it should be noted, were assaults, three with firearms.

Petitioner's own testimony at the hearings on this amended petition, that he suffers from "spells," and is unaware of his conduct and events on such occasions, including the one involved herein, is completely lacking in credibility, especially when considered in the light of the record.

The Commission on Mental Health, a body of disinterested experts in the field of psychiatry, has made a detailed report of its examination of the mental condition of petitioner, and has found that he is of sound mind. Petitioner's behavior during the trial and his subsequent appearances in court have been normal. His conduct on the witness stand while testifying in his own behalf was rational. He gave intelligent and responsive answers to questions on direct and cross examination, nearly 100 questions being propounded on direct examination and over 100 questions being propounded on cross examination. No suggestion of his insanity was made during the trial or while his case was pending on appeal or on application for certiorari. Prior to the commission of the offense involved herein, it had apparently occurred to no one that he should be restrained of his liberty because of insanity, although on occasions he has been restrained on account of criminal conduct, including assault.

On this record I am of the opinion that prima facie evidence that the defendant is insane has not been submitted to the Court, and that therefore a jury should not be impaneled to inquire into the insanity of petitioner.

In view of my conclusion, it is unnecessary to pass upon Prayer 4 of the above petition, namely, that subpoenas ad testificandum be issued directing Edwin C. Gregory and Ida Neely to attend and testify at the hearing pursuant to the writ de lunatico inquirendo, it being the position of counsel for the petitioner that subpoenas for such persons be issued only in the event there is a hearing pursuant to the writ.

Appropriate order will be entered.