GEORGE DORION, PETITIONER-PLAINTIFF v. FEDERAL SHIPBUILDING AND DRY DOCK COMPANY, RESPONDENT-DEFENDANT.

Submitted October 7, 1947—Decided November 20, 1947.

Before Justices BODINE, HEHER and WACHENFELD.

For the petitioner-plaintiff, *Isaac W. Seiler* and *Aaron Gordon*.

For the respondent-defendant, *Stryker, Tams & Horner* (*William L. Dill, Jr.,* and *Andrew Lawrie*).

The opinion of the court was delivered by

BODINE, J. This is a workmen's compensation case. The accident occurred shortly after 4:00 P. M. on January 17th, 1944. The petitioner was knocked down on the employer's premises by workmen leaving after they had completed their shift. He suffered an injury to his arm and to his shin for which he had first aid. Within 24 hours thereafter, definite symptoms of paralysis were noticed, resulting in complete disablement after long hospitalization.

The workman was 41 years of age at the time of the accident and had enjoyed surprisingly good health, and there was nothing about his pre-existing physical condition which could have accounted for the paralysis.

Before the hearing, the petition was amended so as to include head injuries, as well as arm and leg injuries at the time of the fall.

The Commissioner decided in favor of the petitioner and this finding was reversed in the Court of Common Pleas.

It is conceded that the only question in this case is whether the petitioner struck his head when he fell, the medical testimony being as nearly as possible in such cases in agreement that such a blow would be necessary to account for the paralysis. Petitioner said he fell and struck his head; his wife corroborated him in testifying that there was a swelling on the head when he came home after work. Much point is made that when he reported to first aid he did not mention his head injury; nor did he, when he was hospitalized, nor at any time until long after the accident. The Commissioner was satisfied that obvious speech difficulties accounted for his difficulty in making the facts known. When he reported to first aid, he may have thought nothing of it, the injuries of the hand and leg being much more obvious at that time.

We find the proofs support a finding of a head injury. At least, there is positive proof that there was such and there is merely negative proof to the contrary, *i. e.,* no mention thereof. We think the probabilities support the findings of the Bureau and do not support the judgment of the Court of Common Pleas.

It is clear, in this case, that the paralysis was not due to any physical condition which could have caused the injury; hence, the only inference to be drawn from the proofs is that the result was due to a blow to the head suffered in the fall, and we so find.

The judgment of the Court of Common Pleas is reversed, and the judgment of the Workmen's Compensation Bureau is affirmed, with costs.