### THOMAS et al. v. UNITED STATES.
No. 12251.

Circuit Court of Appeals, Fifth Circuit.

June 25, 1948.

Rehearing Denied and Motion to Supplement Record Denied Aug. 3, 1948.

other counts, with substantive offenses against such laws. Each was found guilty on the conspiracy count and on one of the substantive counts and was given a single sentence on both counts, Thomas for a period of two years, Evans for a period of fifteen months, Kelly and Stone for a period of six months. Each has appealed.

Urging that this is another of those cases[1] in which the Government, having charged a general conspiracy, proves at best several separate ones, appellants insist that the judgments against them must be reversed.

The Government, insisting that the testimony of one of the defendants, William Lyons, implicates all of the appellants in a single conspiracy with Thomas at its head, urges that the case is ruled not by Brooks v. United States, note 1 supra, but by Baker v. United States, 5 Cir., 156 F.2d 386, and that this point is without merit.

▇▇▇ We agree. While it may be true, as urged by appellants, that Lyons was not a very reputable witness, and his credibility was not high, this was for the jury, which had a right to believe it, even if the testimony had been without corroboration. But there was corroboration, and on the record as a whole it cannot be urged that as matter of law the conspiracy charged was not established. In addition, the sentence imposed on each defendant on the substantive count on which each was convicted was less than could have been imposed on that count, and no complaint is made of the insufficiency of the evidence as to these counts.

▇▇▇ It remains, then, only to determine whether any of the claimed errors in procedure on which appellants rely present reversible error. We think it quite plain that they do not. On the main point of this nature relied on, that in connection with his motion to have witness summoned at government expense, appellants' counsel was required to give the United States Attorney a statement as to what the testimony of each witness would be, the record is completely silent as to any complaint made below or any exception

Robert W. Gwin, of Birmingham, Ala., for appellants.

John D. Hill, U. S. Atty., and Robert Giles, Asst. U. S. Atty., both of Birmingham, Ala., for appellee.

Before HUTCHESON, McCORD, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellants were charged, in count one of an indictment, with conspiring with each other and with other named defendants to violate the internal revenue laws and, in

---

[1] Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557; Brooks et al. v. United States, 5 Cir., 164 F.2d 142.

taken to the requirement. If it was error, therefore, appellants are not in a position to complain of it. But it was not error. Federal Rules of Criminal Procedure, rule 17(b), 18 U.S.C.A. following section 687, under which the motion was made, does not provide for secrecy with respect to the motion and, if witnesses are to be subpoenaed at the expense of the government, it certainly would be proper that counsel for the government be advised of the motion and heard by the court in respect to it.

The other objections, which seem to have been made only in connection with the motion for new trial, were not so taken as to put the court in error in respect of them. We have, however, examined and considered them, and find them without merit.

The judgment is affirmed.