**UNITED STATES v. KINZER.**

Civ. A. 1131–49.

United States District Court
District of Columbia.

June 20, 1951.

8

George Morris Fay, U. S. Atty., John C. Conliff, Jr., Asst. U. S. Atty., and Frederick G. Smithson, Asst. U. S. Atty., all of Washington, D. C., for United States.

Morton R. Galane, Washington, D. C., for defendant.

KEECH, District Judge.

This case is before the court on a motion for new trial, filed and argued subsequent to the defendant's conviction of housebreaking and larceny.

· The first trial of the defendant under the same indictment resulted in a hung jury. Prior to the second trial the defendant's attorney filed a motion in forma pauperis to obtain the entire transcript of the proceedings of the first trial at government expense, which was heard and denied by the judge who presided at the first trial. During the second trial, the defendant's attorney, in view of the previous denial of his motion to obtain the transcript, moved that he be permitted to subpoena the court reporter who reported the first trial, for use in connection with his cross-examination of the government witnesses. He did not specify the testimony of any particular witnesses which he desired, or make any proffer as to what prior contradictory statements he hoped to prove. This general request to subpoena the reporter was denied.

Counsel for the defendant now urges, as grounds for his motion for new trial, that the court erred in refusing to grant his motion to subpoena the court reporter, and that by reason of such refusal the defendant was substantially prejudiced and deprived of a fair trial because he had no opportunity to impeach fully and effectively key government witnesses, and was denied the full and effective right to cross-examine government witnesses, as required by the Fifth and Sixth Amendments to the Constitution.

■ The Court recognizes that former contradictory testimony is admissible for the purpose of impeachment and detracts from the weight of later testimony, The Syracuse, 9 Wall. 672, 76 U.S. 672, 676, 19 L.Ed. 783; Neely v. United States, 79 U.S.App.D.C. 177, 144 F.2d 519, certiorari denied 323 U.S. 754, 65 S.Ct. 83, 89 L.Ed. 604, and also that a stenographer's notes taken at a former trial are admissible to impeach the testimony of a witness. Lueders v. United States, 9 Cir., 210 F. 419, 425; Guardian Trust Co. v. Meyer, 8 Cir., 19 F.2d 186, 191. However, this defendant's request for the transcript of the first trial, or in the alternative to subpoena the court reporter, presents certain practical problems.

■ No one will deny that every reasonable effort should be made to insure a fair trial to the defendant in any criminal case, even at the expense of the government in the case of an indigent defendant. However, it is equally evident that in permitting indigent defendants to proceed in forma pauperis under the provisions of 28 U.S.C. § 1915, the courts must protect the public from having to pay unnecessarily heavy costs on behalf of such defendants, and in the exercise of their discretion should refuse to authorize expenditures unless there is a showing of merit and necessity in the defendant's application. Adkins v. E. I. DuPont De Nemours & Co., 335 U.S. 331, 337, 69 S.Ct. 85, 93 L.Ed. 43. The transcript of the first trial or the reporter's shorthand notes were not the only admissible evidence as to the former testimony of the government witnesses, but on the contrary such testimony could have been proved by any person who heard and re-

membered it. Meyers v. United States, 84 U.S.App.D.C. 101, 113, 171 F.2d 800, 812, 11 A.L.R.2d 1. Inasmuch as the defendant herein made no effort to prove the alleged conflicting statements by the means available to him, the requisite necessity for obtaining the transcript was not shown.

■ We come then to the question whether the defendant should have been permitted to subpoena the reporter who recorded the testimony at the first trial. Although the Sixth Amendment guarantees to the defendant in a criminal case compulsory process, the granting or denial of an application for subpoena at the expense of the United States is in the discretion of the trial court, Austin v. United States, 9 Cir., 19 F.2d 127, citing Goldsby v. United States, 160 U.S. 70, 16 S.Ct. 216, 40 L.Ed. 343. Even where the defendant is not proceeding in forma pauperis, the court may refuse to permit the issuance of subpoenas which it appears may be an abuse of process, until it has been informed what testimony may be expected of the prospective witnesses. May v. United States, 84 U.S.App.D.C. 233, 249, 175 F.2d 994, 1010.

Had the subpoena been permitted, the defendant, at the expense of interrupting—for a substantial period of time—the proceedings in another court then in session, in which the reporter was then serving, would have in effect obtained that which was refused him on his motion for the transcript. The defendant would have delayed proceedings also in the trial court for the length of time it took the reporter to read his notes, all in the mere hope that something useful to the defendant might appear. According to defense counsel's own statement, the cross-examination of one government witness at the first trial took from two and one-half to three hours, so that it would have taken the reporter some time to search through his notes for the contradictory statements which defense counsel now alleges they contain. I am informed by the reporter that it would have taken him from three and one-half to four hours to read through his notes of the prior testimony of the two government witnesses whom defendant charges with contradictory statements. It is obvious that to permit attorneys indiscriminately, under such circumstances and in the midst of a trial, to subpoena a reporter from another branch of the court would so disrupt proceedings as to bring about chaos in administering the courts.

■ The court does not hold that in no case should an indigent defendant be permitted to prove testimony at a former trial through the transcript of evidence or by subpoenaing the reporter of the former trial; but it does hold that to warrant authorization of such extraordinary procedure there should be an adequate, timely, and definite showing of necessity and that the proffered testimony is substantive and not merely collateral or cumulative. The discretion of the court in granting all or portions of the transcript of a prior trial to an indigent defendant, should be governed by the same considerations as control the court where a defendant demands the transcript of the testimony of government witnesses at a prior administrative proceeding. When it is apparent that no essential ingredient of the offense is in any way dependent upon any matter contained in the transcript and there is no reason to believe that any matter contained therein is a competent, relevant, or material matter of defense, the substantial rights of the defendant are not affected by refusal of the transcript. Boehm v. United States, 8 Cir., 123 F.2d 791, 805, certiorari denied 315 U.S. 800, 62 S.Ct. 626, 86 L.Ed. 1200.

In the instant case, defense counsel argues that he could have proved by the transcript or by the reporter prior contradictory statements by two government witnesses, Detective Hitt and Officer Masters of the Metropolitan Police Department.

Detective Hitt testified that the defendant told him certain fingerprints could not be his "because he always wore gloves," and admitted on cross-examination that he did not testify to such admission at the first trial, excusing the omission on the ground he was not asked and denying that he was given an opportunity to tell all admissions of the defendant.

■ Defense counsel argues as to Detective Hitt's testimony that his failure at the first trial to testify as to the defendant's admission amounted to an assertion of the non-existence of the fact, citing Dorian v. Federal Shipbuilding & Dry Dock Co., 52 A.2d 551, 25 N.J.Misc. 249. In that case the trial court reversed an award by the Workmen's Compensation Board on the ground that the claimant's failure to assert that he had struck his head when it would have been natural to so state, amounted in effect to an assertion of the non-existence of the fact. It is to be noted that the appellate court *reversed* the lower court and reinstated the award of the Compensation Board, 136 N.J.L. 302, 55 A.2d 776, stating that the claimant might have thought nothing of the head injury at the time he reported to First Aid, his other injuries being much more obvious. So here, in order for the principle urged by defendant to be applicable, it must have been natural for Detective Hitt to testify to the defendant's admission before his failure to do so will be considered assertion of non-existence of the fact. Defendant's sole purpose in seeking the reporter's notes as to this alleged omission in Detective Hitt's testimony is for the purpose of impeaching his credibility.

Officer Masters, a fingerprint expert, testified that a certain mark on a fingerprint found at the scene of the offense was a temporary scar, and denied that he had testified at the first trial that it could be a permanent scar. At the second trial, the area of the print containing this scar was not used by the prosecution for the purpose of identifying the print as defendant's, and the cross-examination concerning the scar was merely for the purpose of testing the expert's credibility.

It is to be noted that defendant's attorney was permitted to cross-examine each of these witnesses at length and to question them as to the alleged prior contradictory statements, being denied only the transcript or testimony of the reporter as to their statements at the first trial.

Defense counsel cites Ewing v. United States, 77 U.S.App.D.C. 14, 135 F.2d 633, certiorari denied 318 U.S. 776, 63 S.Ct. 829, 87 L.Ed. 1145, in support of his contention that the evidence of prior statements which he sought to introduce for the purpose of impeaching the testimony of these two witnesses was material and not collateral. That decision 135 F.2d 641, states: " * * * when (matter) goes to challenge directly the truth of what the witness had said in matters crucial or material to the issues on trial, by no process of reason can it be held 'collateral.' " In the instant case, the alleged contradictory statements did not challenge directly the truth of what either witness said in "matters crucial or material to the issues on trial," but were brought out in cross-examination merely for the purpose of testing the witnesses' credibility.

However, in an excess of caution, the court, outside of court hours, has checked with the reporter the testimony of the two witnesses at the first trial. It finds that Detecive Hitt's answers were responsive to the questions put and that he was not asked any general question which should have elicited all admissions of the defendant.

The court has checked also the former testimony of Officer Masters with reference to the scar in question. The answers of Officer Masters at the two trials considered in their context are not contradictory, particularly in view of the fact that the cross-examiner's line of questioning was extremely confusing. Although Masters refused at the first trial to testify definitely that the mark could not be a permanent scar, on both occasions he adhered to his opinion that the mark was a temporary scar.

■ Even if it should be held that the court abused its discretion in denying the subpoena, since the prior statements of neither witness were contradictory of his testimony at the second trial, the court's refusal to permit subpoenaing of the reporter and his notes as to their former testimony was not prejudicial to defendant.

For the foregoing reasons the motion for new trial will be denied.