326 So.2d 784

**Ex parte Palestine HARDIN.**

**6 Div. III.**

Court of Criminal Appeals of Alabama.

Nov. 18, 1975.

Arthur E. Parker, Birmingham, for petitioner Palestine Hardin.

H. Powell Lipscomb, III, Bessemer, for petitioner Susie Green.

**224**

William J. Baxley, Atty. Gen., and Gary R. Maxwell, Asst. Atty. Gen., for respondent State.

PER CURIAM.

The rule nisi shall issue returnable 10 A. M., November 21, 1975. Amendment 32, § 6.03(d) Cons.1901.

TYSON, HARRIS and DeCARLO, JJ., concur.

CATES, P. J., and BOOKOUT, J., dissent with opinion.

CATES, Presiding Judge (dissenting).

We have been presented with a petition asking that we command Honorable Harry E. Pickens, Judge of the Tenth Judicial Circuit, Bessemer Division, to vacate an order of November 7, 1975.

That order was entered at the suit of the State of Ohio acting by and through the prosecuting attorney of Cuyahoga County.

Ohio moved—with notice to counsel for petitioner Palestine Hardin and Susie Green, a prospective deposing witness— that said witness Green appear before a Special Commissioner as ordered by the Court of Common Pleas of Cuyahoga County in a criminal proceeding by the State of Ohio against Palestine Harden.

In the Circuit Court, Bessemer Division, petitioner, through a non-resident attorney, moved that the Circuit Court dismiss or deny the motion of the State of Ohio. Prospective witness Green moved to intervene. Both these motions were denied.

I

Although Rule 28, ARCP, allows and enforces the taking of depositions for foreign states and countries, it is clear that power is confined to civil cases. Rule 1, Committee Comments, 2d. sent. (emphasizing the obvious) points out that the Rules of Civil Procedure "have no application in criminal proceedings." Alabama has not adopted a Foreign Depositions Act. 23 AmJur2d, Depositions and Discovery, § 12.[1]

Whether or not a deposition can be used in Ohio against a criminal defendant is for the court trying him.

II

Judge Bookout and I would forego deciding whether or not petitioner is entitled to relief whether by way of mandamus, prohibition, or injunction.

This is a constitutionally established court, as its name suggests, of appellate jurisdiction. Our original jurisdiction is only "to issue all writs necessary or appropriate in aid of appellate jurisdiction * * *."

Amendment 32, Ala.Cons.1901, § 6.03 provides, in addition to the above quoted limitation of original jurisdiction the following [taken verbatim from Michie's Code, T. 13, § 111(4)]:

(d) The court of criminal appeals shall have and exercise original jurisdiction in the issuance and determination of writs of quo warranto and mandamus in relation to matters in which said court has appellate jurisdiction. Said court shall have authority to issue writs of injunction, habeas corpus and such other

---

1. *State v. Powell*, 39 Ala.App. 246, 100 So.2d 38; *State v. Allen*, 42 Ala.App. 9, 150 So.2d 399—"We are not aware of any interstate compact * * * for the extradition of witnesses." See *State v. Magee*, 43 Ala.App. 218, 187 So.2d 274.

The power to compel attendance of witnesses is limited to the territory of the state or na-

tion. See Orfield, Subpoena in Federal Criminal Procedure, 13 Ala.L.R. 1 at p. 25; *D'Aquino v. United States*, 9 Cir., 192 F.2d 338, 375 (Japanese citizens).

Compare *Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 involving a State's right for habeas corpus and testificandum for a Federal prisoner to testify.

remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it and in matters over which it has exclusive appellate jurisdiction;

See Act 1051, 1973, p. 1676.

It follows that as we find in *City of Canadian v. Guthrie* (Tex.Civ.App.), 87 S. W.2d 316, the lawyers here into the wrong court have strayed. However, they come not as trespassers, if for no other reason than that § 11 of Act 987, September 12, 1969 requires us not to dismiss their case, but rather to suggest that it be transferred to the Supreme Court (or in certain causes to the Court of Civil Appeals). Otherwise we shall invade the province of the Supreme Court of Alabama.

In this instance we dissenters consider that this court is without jurisdiction and suggest that the petition be transferred to the Supreme Court of Alabama. The majority would usurp power because a petitioner puts "mandamus" in a petition, even though they admit that no appeal from Judge Pickens' court can come to the Court of Criminal Appeals by an appeal in this proceeding.

BOOKOUT, J., concurs herein.