# Nelson *v.* The State.

## *Murder.*

(Decided Feb. 7th, 1907. 43 So. Rep. 18.)

1. *Criminal Law; Endorsement of Witness on Indictment; Necessity.*—The fact that a witness' name was not endorsed on the indictment under which defendant was being tried, offers no good ground for objection to his testimony.

2. *Same; Instructions; Review.*—Under Section 3327, Code 1896, this court will not consider instructions where the record fails to show that they were requested in writing, or that they were given or refused.

3. *Homicide; Self Defense; Instructions.*—An instruction predicating an acquittal on impending danger to life or of great bodily harm that does not hypothesize that such reasonable belief therefor had been begotten by the attending circumstances, fairly creating it and honestly entertained by the defendant at the time the fatal shot was fired, is erroneous and properly refused.

APPEAL from Jefferson Criminal Court.

Heard before Hon. D. A. GREENE.

Henrietta Nelson was convicted of homicide and appeals.

No counsel marked for appellant.

MASSEY WILSON, Attorney General, for State.—There is no rule of law or practice requiring that the names of witnesses be put upon the indictment. It is impossible for the court to say whether the several charges were special written charges requested by the defendant or not. Assuming that charge 21 was a special written charge its refusal was not error.—*Mitchell v. The State,* 133 Ala. 55.

McCLELLAN, J.—The defendant, upon her trial,

[Nelson v. The State.]

objected to the examination of one Nettie Slaughter, a witness introduced by the state, on the ground that the witness' name was not on the copy of the indictment served on defendant. There was no merit in the objection.

From the bill of exceptions it appears that, after the testimony had all been taken, "the defendant asked the court to charge the jury as follows," and then numerous numbered statements, purporting to be special charges, are set out. We are not advised by anything in the record whether the alleged special charges, with one exception, to be mentioned, were requsted in writing, nor of the action of the court thereon, whether given or refused. —Code 1896, § 3327; *Henderson's Case,* 137 Ala. 83, 34 South. 828.

Charge (so called) numbered 21, it appears, was partially "read" by the court to the jury, but before completing the reading the court announced that it was bad, and "marked it refused." It is inferable that this charge was in writing, since it was "read," and also that it was refused, in writing, by the court. While it is a matter of very serious doubt whether it is sufficiently shown by the record that the request was written, within the provisions of Code, § 3327, it is clear that the charge, if such, was properly refused, for the reason, among others, that it predicated acquittal of this defendant, in connection with other elements of self-defense hypothesized, upon impending danger of life or of great bodily harm, without stating the qualification that such reasonable belief thereof must have been begotten by the attendant circumstances, fairly creating it and honestly entertained by the defendant, at the time the fatal shot was fired.

There was no error shown in the record, and affirmance must result.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.