# Bradberry *v.* The State.

## *Murder.*

(Decided Jan. 18, 1911. 54 South. 431.)

1. *Appeal and Error; Exceptions; Sufficiency.*—An exception in a criminal case "to the latter part of your honor's oral charge" is too vague for consideration on appeal.

2. *Homicide; Murder.*—Where the discharge of defendant's gun was caused by his attempt to commit a felonious homicide, the accused was guilty of murder if the discharge resulted in another's death, although it was accidental.

3. *Same.*—A killing done in an attempt to deliberately or premeditatedly kill another, may be murder in the first degree, although not done with premeditation or deliberation as to the person killed.

Appeal from Montgomery City Court.

Heard before Hon. Armstead Brown.

John Bradberry was convicted of murder and he appeals. Affirmed.

Alex H. Clark, and Walter B. Jones, for appellant. Under the facts in this case the defendant was not guilty of murder of the deceased.—1 McLean on Criminal Law, Sec. 326; *Golliher v. Commonwealth,* 87 Am. Dec. 495. The court erred in refusing charge 17.—*Stone-*

*king v. The State,* 118 Ala. 68; *Adams v. The State,* 133 Ala. 166; *Hunt v. The State,* 135 Ala. 1; *Compton v. The State,* 110 Ala. 24.

ALEXANDER M. GARBER, Attorney General, for the State. The court's oral charge was free from error.— *Smith v. The State,* 68 Ala. 424; *Roberts v. The State,* 68 Ala. 156; *Kilgore v. The State,* 74 Ala. 1. Charge 15 was clearly bad.—*Holmes v. The State,* 88 Ala. 30; *Tidwell v. The State,* 70 Ala. 33; *Fitzgerald v. The State,* 112 Ala. 34. Charge 17 was bad.—*Hunt v. The State,* 135 Ala. 1; *Gordon v. The State,* 147 Ala. 42.

ANDERSON, J.—There were several exceptions to the oral charge of the court. The first exception was to the "latter part of your honor's charge." This exception was too vague and indefinite to receive the consideration of this court.

The second exception related to a portion of the charge which was so explained or modified by the trial court as to bring it within the definition of murder as defined by the Code. If the fatal discharge was an accident, yet if it was caused by the defendant's attempt to commit a felonious homicide, it was murder.

The third exception finds no support in the oral charge set out, nor does it recite that the court so charged the jury. It merely purports to recite the effect of the oral charge, and a reading of said charge produces no such effect.

The killing may not have been done with premeditation and deliberation as to the person killed, but in an attempt to deliberately or premeditatedly kill the girl, and if such was the case, it could be murder in the first degree. This charge (17), if not otherwise bad, was calculated to mislead the jury to believe that the defendant could not be found guilty of murder in the first

degree, unless the actual killing of the old woman was with premeditation and deliberation, and which was not necessary, if done while attempting to murder the girl, with premeditation and deliberation. This justified the refusal of the charge, and the second proposition asserted therein, whether good or bad, was inseperable from the faulty part of same.

The other charges refused to defendant are manifestly bad, and were properly refused.

The judgment of the city court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.