148 So. 880

## NALER v. STATE.

### 7 Div. 15.

Court of Appeals of Alabama.
June 30, 1933.

McCord & McCord, of Gadsden, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

On a night in March, 1932, there was a dance at the home of defendant, at which there were present a number of young people, among whom were Ike Scott and Kemper Griffin, the deceased. Defendant was about twenty years of age, and married. After one of the dances, and when no one was dancing, defendant and Scott engaged in a fight. Scott got defendant down and held him. Upon defendant's request, Scott let him up and the difficulty was renewed, and Scott again got defendant down and held him. Again defendant requested Scott to let him up, which Scott did. Upon being let up the second time, defendant reached above the door and got a single barrel shotgun and ordered Scott to leave the house. As defendant got the gun, he started towards Scott, who was leaving the house, and three of the guests there present grabbed defendant, shoved him back against the bed, and struggled with him to gain possession of the gun. Griffin, the deceased, was a bystander, standing in the door between the two rooms of the house, and in no way involved in the difficulty between defendant and Scott. While defendant and the three others were struggling to get possession of the gun, it fired, and the load struck Griffin in the side and from this wound he died.

There is no evidence in this record tending to prove any assault by defendant directed at Griffin. On the contrary, the whole evidence tends to prove that Griffin was an innocent bystander.

■ It follows, therefore, that this case turns upon the difficulty between Scott and defendant. Was defendant, at the time of the fatal shot, engaged in making a felonious assault upon Scott? If so, and defendant intentionally fired the gun which resulted in the death of Griffin, it would be murder. Bradberry v. State, 170 Ala. 24, 54 So. 431.

■ Was there an assault committed? An assault as defined by the text-writers and supported by the best authorities is any attempt or offer with force or violence to do a corporal hurt to another, whether from malice or wantonness, under such circumstances as denote, at the time, an intention to do it, coupled with a present ability to effectuate such intention. 5 Corpus Juris, 712 (173); Lane v. State, 85 Ala. 11, 4 So. 730.

■ Under the facts in this case, it was a question for the jury to say whether there was at the time of the homicide an assault being made by defendant on Scott. If so, was such assault justified or felonious?

■ If no assault was being made on Scott, and the gun was accidentally discharged during the struggle for its possession, there would be no criminality.

■ If the assault was being made, but was justified by the facts and circumstances surrounding, the defendant would be guilty of no wrong. If, on the other hand, the assault on Scott was felonious, and, in the attempt to carry out such felonious intent, the gun was accidentally discharged, the crime would be murder.

■ The trial of this case involves the difficulty between Scott and this defendant at the time of the homicide, and everything said and done there at that time and relating to this difficulty is relevant as a part of the res gestæ.

■ There was some testimony tending to prove that about two weeks before the homicide, and once more than a year before, this defendant had made threats against Griffin. These threats were in no way connected with the case on trial, and should have been excluded on motion of defendant. The crime here charged is confined to the difficulty between Scott and this defendant.

The rulings of the court were not in accord with the foregoing opinion, and, for the reasons expressed, the judgment is reversed, and the cause is remanded.

Reversed and remanded.