155 So. 581

### JACKSON v. STATE.
3 Div. 108.

Supreme Court of Alabama.
June 14, 1934.

---

N. T. Spann and John A. Sankey, both of Montgomery, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BOULDIN, Justice.

George Meadows and Frank Jackson, negroes, were jointly indicted, tried, and convicted of robbery, and the punishment of each fixed at death. Frank Jackson appeals.

But few questions calling for discussion are presented in the record.

Counsel, appointed by Judge Walter B. Jones, to defend the accused, presented, on the day of trial, a motion for continuance of the cause upon the ground that insufficient time had been given for the preparation of the defense; and upon the ground that, by reason of public excitement and feel-ing against the accused, a fair trial could not be had at that time.

The crime was committed on the night of September 5, 1933; the accused were arrested some six days later; the indictment was returned on September 15th, on which date counsel were appointed, the defendants arraigned, and trial set without objection for September 20th.

The scene of the alleged crime was in the environs of Montgomery, the extension of South Court street. All the parties and witnesses were in and near the city. It does not appear that any evidence of value to appellant was procurable, which was not procured and duly presented on the trial.

On the issue of public feeling, it appears the case was aggravated by a reputed assault with intent to ravish, perpetrated against Miss Irma Blackmon, who was with Mr. Robert D. Webb, the person robbed; both crimes being committed at the same time and a part of the same transaction.

The evidence in support of this ground of the motion to continue consisted mainly in newspaper articles appearing from day to day in the newspapers of the city.

We may say in general these contained detailed accounts of the alleged crime, the vigorous police activities to apprehend the guilty parties, the arrest of the defendants, the reputed confession of Meadows, etc. We may say these articles evidenced, and tended to awaken, a decided public interest in the importance of a speedy and vigorous enforcement of the law. But nothing in the articles lent any countenance to any other course than an orderly and prompt meting out of justice upon proper proof of guilt.

The evidence on the motion negatives any state of public feeling, any threat of violence, any passion directed against the defendants, or any atmosphere about the courthouse, which would prevent a fair trial.

There was no abuse of discretion in putting the defendants to trial.

On the trial upon the indictment for robbery, in connection with evidence of robbery, full details of the assault with intent to ravish were admitted in evidence. These details included such as forcing Mr. Webb and Miss Blackmon at the points of pistols to leave their car and go into a cornfield; the struggle of Mr. Webb with Meadows in an effort to get possession of the latter's pistol; the actual attempt of each defendant to forcibly ravish

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

50

Miss Blackmon; the introduction of an undergarment, after evidence that it was torn from the person of the victim and found concealed with fruits of the robbery at Meadows' house.

Evidence of other and distinct criminal offenses, at other times and places, is admitted in evidence only in exceptional cases and for limited purposes. Among these are cases where such evidence may throw light on the motive, intent, scienter, or identity, and so tend to establish the guilt of the party of the offense for which he is being tried. The details of such other crimes are not admissible, except in so far as essential to disclose the motive or other matter for which it is admitted. Gassenheimer v. State, 52 Ala. 313; Ingram v. State, 39 Ala. 247, 84 Am. Dec. 782; Moore v. State, 10 Ala. App. 179, 64 So. 520; Davis v. State, 213 Ala. 541, 105 So. 677.

But this case is governed by another and different principle. Everything constituting the one continuous transaction is admissible as of the res gestæ. No matter how many distinct crimes may be involved, all the details of the one continuous criminal occurrence or adventure may be considered by the jury in passing upon the culpability, the wickedness, and depravity of the crime for which the party is being tried. In cases of robbery the jury is given a wide range of discretion in fixing the punishment. They may look to all the circumstances constituting part of the res gestæ in meting out punishment within the limits prescribed by law. It follows all these circumstances are the subject of legitimate argument on the part of the solicitor. Ingram v. State, supra; Kennedy v. State, 182 Ala. 10, 62 So. 49; Smith v. State, 88 Ala. 73, 7 So. 52; 16 C. J. § 1115.

The evidence of the commission of the crime and of the identity of appellant as one of the guilty parties fully supported the verdict of the jury. He had a fair trial. The extreme penalty imposed was within the discretion of the jury.

We find no ground for reversal in the record, and the judgment is affirmed. The time for the execution of the sentence of the law having expired, it is ordered that Friday, the 3d day of August, 1934, be and is fixed as the date when the sentence of death shall be duly executed according to law.

Affirmed.

All the Justices concur.