## RAY v. UNITED STATES.
### No. 14494.

United States Court of Appeals
Eighth Circuit.
June 18, 1952.

George C. Willson, III, St. Louis, Mo. (appointed by the Court), for appellant.

James T. Gooch, U. S. Atty., Little Rock, Ark. (Gerland P. Patten and W. H. Gregory, Asst. U. S. Attys., Little Rock, Ark., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order of September 21, 1951, dismissing the defendant's (appellant's) motion to vacate concurrent sentences of five years' imprisonment imposed by the District Court on October 20, 1949.

The defendant was indicted by a grand jury on September 6, 1949. The indictment contained two counts. The first count charged that on or about April 9, 1949, at Little Rock, Arkansas, the defendant forged the endorsement on a United States Treasury check for $138.00 issued on November 30, 1948, to Frederick Earl Funston, as payee, this for the purpose of defrauding the United States and the payee of the check, in violation of 18 U.S.C. § 494. The second count charged the uttering by the defendant of the check at the same time and place with the intent to defraud the United States and in violation of the same statute. A jury, on October 20, 1949, found the defendant guilty of both offenses. He was sentenced to five years' imprisonment on each count, the sentences to run concurrently. He entered upon the execution of his sentence on November 1, 1949.

Apparently the first attack made by the defendant upon his sentence was on March 21, 1950, when he filed a motion for vacation of the sentence. He asserted that at the trial he had testified that Funston, the payee of the check, had given it to him (the defendant) to cash; that there was no testimony except that of Funston that he had not given the defendant the check to cash; and that Funston's testimony had been shown to be false in several respects. The defendant also asserted that during the trial Funston, while under cross-examination, ignored questions of defense counsel and tried to talk to the jury, and during recess was seen by the defendant and others talking to three jurors. The United States Attorney on March 17, 1950, filed a motion to dismiss the defendant's motion on the ground that it furnished no justification for vacating the sentence. On March 23, 1950, the defendant's motion was heard and denied. Whether he was represented by counsel at the hearing, the record does not show.

On February 7, 1951, the defendant filed another motion to vacate his sentence upon the ground that the "star witness for the Government," Fred E. Funston, was a mental patient at the Veterans Administration Hospital, North Little Rock, Arkansas, who had not been discharged as competent and sane and who was incompetent to testify at the trial of the defendant. The United States Attorney, on February 7, 1951, moved to dismiss this motion of the defendant upon the ground that it failed to state facts upon which relief could be granted.

On February 19, 1951, the defendant filed what he entitled "Addendum Traverse," in which he asserted his right to be present and be heard upon his motion and asked the court to dismiss the United States Attorney's motion to dismiss, and to grant a new trial. The United States Attorney on March 21, 1951, filed an amendment to his motion to dismiss the defendant's motion to vacate sentence. He asserted as an additional ground for a dismissal that on March 23, 1950, the court, after a hearing at which the defendant was represented by counsel, had denied a similar previous motion. Counsel for the Government also asserted that Funston was a competent witness at the trial.

The record shows that the motion of the defendant filed on February 7, 1951, was heard on March 22, 1951; that the defendant, while not present, was represented by counsel appointed by the court; and that, after argument of counsel, the motion of the Government to dismiss was sustained. The order of the court was filed March 31, 1951. The court ruled that the reasons urged by the defendant in his motion of February 7, 1951, should have been presented at the hearing on his first motion to vacate sentence. The court also ruled that the defendant's assertions as to the mental condition of the witness Funston related to his credibility and not his competency, that the jury believed his evidence, and that the court had observed nothing which would have made the witness' testimony incompetent.

The court on April 6, 1951, denied the defendant leave to appeal in forma pauperis from the order of March 31, 1951, on the ground that his proposed appeal was frivolous and not taken in good faith. The defendant took no appeal from the order of March 31, 1951.

On September 10, 1951, the defendant filed his third motion to vacate his sentence and for a new trial, on the ground of the alleged incompetency of Frederick E. Funston to testify, and upon the further ground that the defendant had been denied the effective assistance of counsel at his trial.

In his motion the defendant stated that he entered a plea of not guilty on September 19, 1949; that the court then appointed Mr. Sheppard to represent him; that the defendant was in the county jail; that on October 10, 1949, he was notified that his trial was set for October 17, 1949; that Mr. Sheppard talked with the defendant for about five minutes before the trial date; that Sheppard had not subpoenaed the list of defense witnesses furnished him by the defendant and had not prepared the case for trial; that the defendant on October 17, 1949, asked that Mr. Sheppard be dismissed as his counsel; that the court

thereupon excused Mr. Sheppard; that the defendant's brother then employed Mr. Willis V. Lewis to represent the defendant at the trial; that the defendant moved the court for a ten-day continuance to enable Mr. Lewis to prepare for trial; that the court refused a ten-day continuance, but continued the case until 9 A.M. on October 19, 1949.

The United States Attorney filed a motion on September 21, 1951, to dismiss this last collateral attack upon the validity of the sentence imposed, upon the grounds that substantially similar motions of the defendant had previously been denied, and that no grounds were stated which would justify vacating the sentence or granting a new trial. The court, on September 21, 1951, dismissed the defendant's motion, and this appeal followed.

At the request of the defendant, this Court appointed counsel to represent him on this appeal. His counsel has ably briefed and argued this case on the defendant's behalf. Counsel earnestly contends that this Court should vacate the order of the District Court and direct that court to hear and determine the question whether the defendant had the effective assistance of counsel at his trial, and to make findings of fact and conclusions of law upon that issue. Counsel argues that if the court had granted the ten-day continuance of the trial which the defendant requested, his attorney might have discovered facts which would have enabled him to have either excluded or completely discredited the testimony of the witness Funston and might also have discovered that the offenses charged against the defendant were properly to be regarded as violations of Section 128, Title 38, U.S.C.A. relating to the forging of endorsements of pension checks, and calling for a lesser penalty than that provided in Section 494, Title 18, U.S.C. and that, while a violation of Section 128, Title 38, U.S.C.A., would still sustain a sentence of five years' imprisonment, the court might have imposed a lesser sentence had it known that the maximum penalty under Section 128 was five years' imprisonment, while under Section 494 the maximum penalty was ten years' imprisonment.

Section 2255, Title 28, U.S.C., provides: " * * * Unless the motion [to vacate sentence] and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The section also provides: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner."

■ The District Court obviously has decided that, in view of the files and records of the case, it conclusively appears that the defendant is entitled to no relief. The record of the proceedings had and the testimony taken at the trial is filed with the District Court. See Title 28, U.S.C., § 753. No transcript of the proceedings had or the testimony has been furnished to this Court. The trial judge was best able to say whether the record made at the trial disclosed any grave lack of preparation or of effective representation on the part of the defendant's counsel and whether the Government secured a conviction based upon the testimony of a witness who was clearly incompetent to testify.

Upon the record furnished us, we would not be justified in ruling that the District Court was required to grant the defendant a hearing and to make findings of fact or conclusions of law. See Morales v. United States, 1 Cir., 187 F.2d 518, 519; Yodock v. United States, D.C., 97 F.Supp. 307, 311–312.

■ This Court cannot say as a matter of law that a day or a day and a half was insufficient for the preparation of the defendant's case for trial. The issues were simple, namely: Did the defendant unlawfully forge the endorsement on the Government check, and did he thereafter unlawfully pass the check? There is nothing before us to indicate that the defendant's trial counsel requested a further continu-

ance or made any claim of lack of time for preparation or lack of knowledge of the pertinent law or facts due to the shortness of time he had to prepare the defense.

Whether the time allowed counsel for a defendant for preparation for trial is sufficient will depend upon the nature of the charge, the issues presented, counsel's familiarity with the applicable law and the pertinent facts, and the availability of material witnesses. See United States v. Wight, 2 Cir., 176 F.2d 376, 379; Yodock v. United States, supra, page 311 of 97 F.Supp.

We think that if the defendant is entitled to any relief from the consequences of the jury's verdict, it must be by way of parole or executive clemency, and that for us to require further proceedings in the District Court could serve no useful purpose.

The order appealed from is affirmed.