156 So.2d 793

**Tommie COSBY**

v.

**STATE.**

**8 Div. 881.**

Court of Appeals of Alabama.

Oct. 8, 1963.

Bruce Sherrill, Athens, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

Conviction of voluntary manslaughter under a verdict setting punishment at five years in the penitentiary.

Under Code 1940, T. 13, § 66 (3rd sent.), we confine this opinion to a single point raised, arguably by ground 13 of Cosby's motion for new trial.

The jury was absent. At the close of all the testimony the trial judge stated he was not going to cover the rules of self defense in his oral charge, citing Wood v. State, 128 Ala. 27, 29 So. 557, Naler v. State, 25 Ala.App. 486, 148 So. 880, and Gettings v. State, 32 Ala.App. 644, 29 So. 2d 677. He added that there was evidence of abandonment of retreat by reason of the defendant's renewing the difficulty. To this announcement defense counsel excepted. The transcript fails to show that any written charge was submitted to the trial judge.

As to matters not covered by the oral charge, Code 1940, T. 7, § 273, requires that charges be tendered the court in writing. Tranholm v. State, 38 Ala.App. 57, 77 So.2d 491. We treat the instant announcement as having the effect of telling counsel what law the judge was preparing not to direct the jury on *in the absence of any written requests.*

The statement in the record before us falls, by analogy, under Jasper Mercantile Co. v. O'Rear, 112 Ala. 247, 20 So. 583, i. e., it is merely an opinion. Had the trial judge endorsed a tendered written charge with the statutory legend "refused," there would then have been the equivalent of a final order. Weems v. Weems, 253 Ala. 205, 43 So.2d 397.

Unlike the practice in some jurisdictions where the trial judge's rulings on oral motions to charge the jury are reviewable, Alabama holds that § 273, supra, requires the refusal of a written request to present an appellate question. Under practice prevailing when bills of exceptions were used, the failure to show that a charge was in writing when requested gave rise to an appellate presumption that the request (or motion) was made wholly orally or without the charge having been put in writing. For that reason the trial judge was deemed to have proceeded to refuse it. Walker v. State, 91 Ala. 76, 9 So. 87; Henderson v. State, 137 Ala. 83, 34 So. 828; Nelson v. State, 149 Ala. 26, 43 So. 18.

In a civil case—after abolition of bills of exception—we find that assiduous scholar of jury instruction, Carr. J., saying (Emergency Aid Life Association v. Gamble, 34 Ala.App. 377, at p. 378, 40 So.2d 887):

"One of the assignments relates to the action of the trial court in refusing this written motion: 'Comes the defendant and moves the court for the affirmative charge under Count one (1) of the complaint.'

"This is not equivalent to a request for the general affirmative charge. At most, it is only a written motion requesting the court to give the charge. It falls far short of being a tender of the instruction in due and legal form.

" 'Charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written * * *.' Title 7, Sec. 273, Code 1940."

The judgment below is due to be

Affirmed.

JOHNSON, J., having been circuit solicitor on the bringing of indictment, recuses self.