187 So.2d 808

John E. **BURTON**

v.

**STATE.**

**6 Div. 972.**

Court of Appeals of Alabama.

June 7, 1966.

**250**

John E. Burton, pro se.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

This is an appeal from an order of the Circuit Court of Walker County denying appellant's petition for writ of error coram nobis.

An indictment was returned against the appellant at the January, 1958, term of the Grand Jury of Walker County, Alabama, charging him with the offenses of grand larceny and receiving and concealing stolen property. On February 27, 1958, the case was called for trial, a severance was granted, there being co-defendants, and appellant was then tried. The jury found appellant guilty of grand larceny, and he was adjudged guilty by the court in accordance with the verdict and sentenced to five years in the penitentiary. Appellant gave notice of appeal, but later withdrew the appeal.

In his petition for writ of error coram nobis, appellant assigned the following as grounds therefor: (1) Representation by trial counsel, Harvey S. Jackson, Jr., was ineffective in that said counsel did not have sufficient time to prepare a defense; (2) the prosecuting officers knowingly used perjured testimony to secure appellant's conviction; (3) the district attorney coerced appellant's co-defendants into giving false testimony against appellant; and (4) the trial court erred by not granting a continuance, which was sought on the ground that one of appellant's main witnesses, his wife, who was also a co-defendant, was sick and not able to testify.

Appellant, through his court-appointed attorneys, moved for a continuance of the hearing on the petition for writ of error coram nobis on the ground that some of appellant's witnesses were not subpoened. The first of these witnesses, Ralph Keene, was incarcerated in the State penitentiary at the time of the hearing. The right to have prisoners who are serving sentences in the State penitentiary appear and testify is in the sound discretion of the trial court. Tit. 45, Sec. 61, Code of Alabama as recompiled, 1958, reads in part as follows:

"* * * Moreover, upon the sworn petition of the defendant in a criminal prosecution showing that a convict serving sentence in the penitentiary knows facts which would be beneficial to him, the judge may, *if he believes* the ends of justice will be served thereby, order the issuance of such a writ to secure the appearance of the convict to testify on behalf of the defendant. The writ shall be served on the director at least one week before the day appointed to have the witness in court. * * *" (Emphasis ours.)

We do not believe that the court abused such discretion since the State offered to stipulate as to Keene's testimony,

and since it appears that Keene's proposed testimony was not relevant or material to the allegations in the petition, and was hearsay.

The Order and Judgment of the Court reads, in pertinent part, as follows:

"In regard to requested witness Ralph Keene, the petitioner reported to the Court that Keene had told him some one else had told him (Keene) certain information about the case indicating that Martins put the blame on Burton in return for the promise from someone—unknown to the petitioner, promising them probation. Attorneys for the respondent contended that Keene's testimony would be hearsay. The Court denied the request of petitioner to have Keene returned to testify in his behalf on the grounds that even if Keene was present in Court, his testimony would not be admissible in as much as it was hearsay."

■ The court did not err in refusing to grant the continuance because two other witnesses for appellant, Powell Martin and Lucille Martin, were not present in court. It appears that these witnesses were in the State of Florida, and that service of the subpoenas could not be had upon them. See Allen v. State, 42 Ala.App. 9, 150 So.2d 399, cert. den. 275 Ala. 691, 152 So.2d 439.

The attorney who represented appellant at the original trial, Harvey Jackson, Jr., was called as a witness by appellant. Jackson's testimony tends to show the following: Jackson has been a practicing attorney in Walker County, Alabama, since 1952, and has tried many civil and criminal cases. He served at one time as district attorney. On the morning of appellant's trial, Jackson was in court and was asked by the court if he would assist the appellant in striking the jury, which Jackson did. After the jury was struck and seated in the box, appellant pulled Jackson's coat sleeve and asked Jackson to stay and help defend the case on the merits, which Jackson did. Jackson talked with appellant about the case before the

jury was struck, and he did not request a continuance to further investigate the case because he was given an opportunity before the trial began to talk with each of the State's witnesses and was also afforded an opportunity to confer with appellant's witnesses. The trial lasted two days, and Jackson made investigations during recesses and at night concerning the case and additional witnesses for appellant. Jackson stated that although he would have liked to have more time to prepare the case, he felt he was amply prepared to defend the case. He further stated he presented all of the evidence in behalf of appellant at the trial which was made known to him and which was beneficial to appellant, that he talked to all of appellant's witnesses before they took the stand and knew what the substance of their testimony would be, that he vigorously cross-examined witnesses for the State, that he made an opening statement and closing argument, and that he presented all defense witnesses.

Appellant did not testify in his own behalf at the hearing on the petition.

■ Generally, where, as here, the record affirmatively reflects that counsel was an attorney with many years experience, that he cross-examined all witnesses for the State, objected to the introduction of immaterial evidence, struck the jury with care, presented all defense witnesses, made opening and closing arguments, then inadequacy of counsel has not been established. Mitchell v. United States, 104 U.S. App.D.C. 57, 259 F.2d 787, cert. den. 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed. 86. Whether time allowed counsel for a defendant for preparation for trial is sufficient depends upon the nature of the charge, the issues presented, counsel's familiarity with the applicable law and pertinent facts, and the availability of material witnesses. Ray v. United States, 8 Cir., 197 F.2d 268; United States v. Vasilick, D.C., 206 F.Supp. 195. Under the evidence presented in the record before us, we conclude counsel had sufficient time to prepare a defense, and

since appellant has failed to show how he was prejudiced by counsel's having to prepare the case on short notice, we cannot say appellant's constitutional rights were violated.

■ No evidence was presented to sustain appellant's allegation that the prosecuting officers knowingly used false testimony, and hence the allegation falls for a total lack of proof. Horsley v. State, 42 Ala.App. 567, 172 So.2d 56.

■ The claim that the district attorney coerced witnesses into giving false testimony against appellant was refuted by the former district attorney, James E. Wilson, who testified that there had been no threats, coercion, or intimidation of witnesses in order to obtain their testimony.

■ The appellant's wife, Virginia Burton, testified that she was not prevented from testifying, that the case was continued for one day in order to allow her to be present and testify in behalf of appellant, and that she did testify as a witness for appellant.

This cause is due to be and the same is hereby

Affirmed.

CATES, Judge (concurring specially).

The instant coram nobis petition was filed in the Walker Circuit Court August 22, 1962. The State filed an opposing motion. Then, on January 11, 1963, Hon. Roy Mayhall set the matter for hearing February 18, 1963.

On page 97 of the record we find:

"In regard to requested witness Ralph Keene, the petitioner reported to the Court that Keene had told him some one else had told him (Keene) certain information about the case indicating the Martins put the blame on Burton in return for the promise from someone—unknown to the petitioner, promising them probation. Attorneys for the respondent contended that Keene's testimony would be hearsay. The Court denied the request of petitioner to have Keene returned to testify in his behalf on the grounds that even if Keene was present in Court, his testimony would not be admissible in as much as it was hearsay."

This matter I consider to be merely the judge's opinion, since it carried with it no words of adjudication as to any request for process to obtain the presence of Keene at the coram nobis hearing.

Moreover, the circuit clerk testified, and I excerpt from his cross-examination:

"Q. When did they bring witnesses in to be subpoenaed on this case?

"A. They gave it to one of the clerks. I have it on the book the date.

"COURT: You mean on the hearing today?

"WITNESS: I will bring it right in. It won't take but a minute.

"(Witness leaves witness stand to get the records)

"Q. When does it show the witnesses were turned in or does it show?

"A. On the 14th day of February, 1963.

"Q. How many of those witnesses does your record show was served by any Sheriff of the State of Alabama?

"A. One, two, three, four, five, six, seven, eight, nine, ten. Ten.

"Q. Which ones were served?

"A. J. D. Turner, James E. Wilson, Bruce Myers, Blanton Bennett, Harvey Jackson, Ulas Tidwell, Charlie Harbison, Buster Poore, Nelson Allen, Virginia Burton, Howard Turner, Theo Darty and Judge Blanton.

"Q. There were two not served?

"A. Powell Martin and Red Gurganus.

"Q. What about Ralph Keene?

"A. We did not send them. We wrote them out, but did not send them to Kilby Prison.

"Q. James and Alton Williams or Ralph Keene?

"A. They were not sent although we received them and wrote them out.

"Q. Your records don't show they were served?

"A. No. As far as I know they don't know anything about the hearing.

"MR. BEAIRD: That is all.

"RE-DIRECT EXAMINATION BY: Mr. Leon Beaird:

"Q. The reason they were not served you knew they were in prison and it would take a judge's order to get them up here.

"A. Yes, sir, all three witnesses were sentenced while I have been Clerk and I sent the transcripts to Kilby. I knew where they were.

"RE-CROSS EXAMINATION: By Mr. Beaird:

"Q. What law is it that requires that?

"A. Not being a lawyer I can't state which one. I do know for a fact the judge has to order it. They can not be subpoenaed.

"Q. You know it's the law of this state before you can subpoena witnesses from Kilby?

"A. That is right.

"MR. BEAIRD: That is all.

"MR. TYSON: That is all."

Thus it is clear to me that the trial judge at coram nobis was, in the quoted matter, merely reciting a representation of Burton's. This was by way of and incorporated in his summation of the evidence leading up to his subsequent finding of facts on which he premised his judgment denying coram nobis. Dawson v. Campbell, 270 Ala. 586, 120 So.2d 727; Cosby v. State, 42 Ala.App. 160, 156 So.2d 793.

The court below never had before it a sworn petition to bring Keene from the penitentiary. Nor was there a request to take his deposition.

In Magee v. State, Ala.App., 187 So.2d 274,[1] May 21, 1966, we affirmed for failure to comply with the conditions set forth in either Code 1940, T. 45, § 61, as amended, or T. 15, § 301.

The situation here is the same. The circuit clerk correctly explained the required procedure.

Price, P. J., agrees in the above statement and concurs with me that the following extracts from the foregoing opinion of Johnson, J.:

"* * * The right to have prisoners who are * * * in the State penitentiary appear and testify is *in the sound discretion* of trial court. * * *"—p. 809, supra. (Italics added.)

and

"We do not believe that the court abused such discretion *since the State offered to stipulate as to Keene's testimony, and since it appears that Keene's proposed testimony was not relevant or material to the allegations in the petition, and was hearsay.*"—p. 810, supra. (Italics added.)

neither alone nor in context completely or correctly state the law.

We hold that, in the absence of a timely filed sworn petition, the trial judge was not required to consider or decide whether or not Keene, a convict in the penitentiary, should testify because the 1949 amendment

to Code 1940, T. 45, § 61, is a prima facie valid regulation of the constitutional right of compulsory process for a convict to be subpoenaed.

That the judge did mention by way of opinion what Keene might have testified was not germane to whether Burton had made a timely bona fide effort to have Keene in court. The judge merely gave additional consideration to an allegation. This was a matter of grace and not of right.

The *Magee* opinion states the views of this court more fully as to the factors bearing on the exercise of sound judicial discretion in an area controlled by Constitution 1901, § 6.

Accordingly, we concur in the affirmance but enter this special opinion as the reasoning of the majority on the point here discussed.