The judgment below is reversed and the cause is remanded.

Reversed and remanded.

JOHNSON, J., concurs in the result and Part III of the foregoing opinion.

208 So.2d 222

**Fletcher WHITE**

**v.**

**STATE.**

**5 Div. 698.**

Court of Appeals of Alabama.

Jan. 30, 1968.

Rehearing Denied March 5, 1968.

Brown & McMillan and James Noel Baker, Opelika, for appellant.

MacDonald Gallion, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

**JOHNSON, Judge.**

Appellant was indicted for robbery by the Grand Jury of Lee County, Alabama, on May 15, 1967. Counsel was appointed to represent appellant on May 16, prior to his arraignment. Upon a plea of not guilty, trial was had on May 22, 1967, and on the same date the jury returned a verdict of guilty as charged. Punishment was set at ten years in the State penitentiary. Subsequently, appellant moved for a new trial which was denied. Hence, this appeal.

The State's first witness was Frederick Scott Johnson who testified that on Friday, January 6, 1967, he "went into a beer joint * * * near Barnes restaurant;" that he had in his possession about $340.00 which was the proceeds of a sale of an automobile which he sold that afternoon; that on entering the "beer joint" he sat down with appellant; and that he bought appellant a half-pint of whiskey. Johnson further testified that appellant said, "Let's go down to some house". Johnson, appellant and an unidentified man left the "beer joint" in an automobile and went back toward Opelika, turned to the left and went back up a dirt road for a distance of about three miles. Johnson then related as to how he was "snatched out of the car" and subjected to a beating by appellant and the unknown third party. Johnson stated that he was knocked unconscious and that when he finally regained consciousness the money that was in his billfold, amounting to approximately $320.00, was missing. Johnson then testified that he walked until he came to a house where he called the sheriff.

On cross-examination, Johnson testified that he arrived at the "beer joint" at about 7:00 P.M. and that he was driven there by a taxi driver, Mr. Weems.

Robert Howard testified for the State that he was a deputy sheriff at the time of the alleged robbery; that he met Mr. Johnson at Barnes Restaurant subsequent to receiving Johnson's telephone call complaining that he had been robbed. Howard said that he did not go to the site of the alleged robbery that night but on the following day did go there with Johnson; that upon investigation of the site he discovered some papers and credit cars which were identified as being those of Johnson.

Bill Baker, Deputy Sheriff of Lee County, testified that he arrested appellant the day following the alleged robbery. He said that all of appellant's personal possessions were removed from him when he was placed in jail and that in his possession were three $20.00 bills and a $1.00 bill.

Ollie Washington Weems testified that he helped Johnson sell a car on January 6, 1967; that he drove him to the bank where Johnson cashed a check which was given in payment for the car and that he drove Johnson to a "beer joint" where he left him. On cross-examination, he stated that he left Johnson between 4:00 and 5:00 P.M. on the date in question.

Willie Paul Workman testified for the defense that he ran a "beer joint" named Danny and Paul's Place; that on January 6, 1967, he saw both Johnson and appellant there; that Johnson left alone about fifty minutes after arriving; that he (Workman) saw Johnson about thirty minutes later at Club 29; that fifteen minutes after he arrived he saw Johnson and "one or two more" leave. On cross-examination, Workman testified that around 9:30 P.M. the same night appellant came in and paid him $28.00.

Appellant contends that the trial court abused its discretion in denying appellant's request for a continuance.

▆ Appellant was arrested on January 9, 1967; he was arraigned on May 16, 1967, the date on which counsel was appointed to represent him; and he was tried

on May 22, 1967. Thus, there were six days from the time counsel was appointed to represent appellant until the date of the trial. The trial court is in a better position to determine whether or not a continuance should be granted in a particular case, and such determination lies within the sound discretion of the trial court and, therefore, will not be disturbed unless it is clearly apparent from the record that its discretion was abused. Hallman v. State, 36 Ala.App. 592, 61 So.2d 857; Jackson v. State, 229 Ala. 48, 155 So. 581; Smith v. State, 38 Ala.App. 23, 80 So.2d 302; Burton v. State, 43 Ala.App. 249, 187 So.2d 808. We find no such abuse of the trial court's discretion here.

 At the conclusion of the argument of counsel for the State and for the defendant, the following occurred:

"MR. McMILLAN: If it please the Court, we have a motion we would [like] to make outside the presence of the jury.

"THE COURT: Gentlemen, the case is not over. Don't talk about it among yourselves at all, don't try to reach any conclusion about it at this time. Gentlemen, just go in the jury room and relax and talk about anything but this case, or don't talk at all. Don't try to reach any conclusion about it.

"Whereupon, the jury retired to the jury room.

"THE COURT: Very well, gentlemen, I am ready to hear you.

"MR. McMILLAN: If it please the court, we move the Court to grant a mistrial in this case, on the ground that the Solicitor, in the course of his argument, stated that *the fact that Mr. Johnson had been robbed was not contradicted by any witness.* We that's (sic) a comment on the failure of the defendant to testify. That's our motion. (Emphasis ours.)

"THE COURT: I overrule your motion.

"MR. McMILLAN: We reserve an exception."

Appellant contends that the district attorney's statement constituted a violation of Tit. 15, Sec. 305, Code of Alabama, 1940, as amended, which states:

"On the trial of all indictments, complaints or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such a request shall not create any presumption against him, nor be the subject of comment by counsel. If the solicitor or other prosecuting attorney makes any comment concerning the defendant's failure to testify, a new trial must be granted on motion filed within thirty days from entry of the judgment."

In Swain v. State, 275 Ala. 508, 156 So.2d 368, the solicitor said in part to the jury:

"I submit to you that it is not denied, there is not a word come from this stand that denied the charge of rape."

The Supreme Court of Alabama in affirming the conviction, said in part the following:

"The statute does not prohibit a prosecutor from drawing reasonable inferences from the evidence presented in a case, and statements to the effect that the evidence is uncontradicted or undenied are not prohibited by the statute."

Viewing the statement as it appears in the record in the case at bar, we find that it was a proper comment on the fact that the evidence presented by the State was uncontroverted. Swain v. State, supra; Welch v. State, 263 Ala. 57, 81 So.2d 901; Littlefield v. State, 36 Ala.App. 507, 63 So.2d 565.

We, therefore, conclude that the trial court did not abuse its discretion in overruling appellant's motion for a mistrial. Andrews v. State, 174 Ala. 11, 56 So. 998; Shadle v. State, 280 Ala. 379, 194 So.2d 538.

**315**

After a diligent search of the record we find that appellant's other assignments of error are without merit.

The judgment in this cause is, therefore, due to be and the same is hereby

Affirmed.

### On Rehearing

JOHNSON, Judge.

We observe, upon rereading our opinion in this cause, that it concluded with, "After a diligent search of the record we find that appellant's other assignments of error are without merit."

We wish to amend this conclusion to read:

We have not only examined the charges alleged by appellant but, in accordance with Code of Alabama, 1940, Tit. 15, Sec. 389, we have examined the entire record and have now re-examined the same and find no error therein.

Application overruled.