210 So.2d 852

**William Gene HALL**

**v.**

**STATE.**

**7 Div. 908.**

Court of Appeals of Alabama.
April 16, 1968.

Rehearing Denied May 21, 1968.

Bell & Lang, and Tom R. Ogletree, Sylacauga, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was found guilty by a jury under an indictment returned by the Grand Jury of Talladega County, Alabama, charging that he "did take or attempt to take immoral, improper, or indecent liberties with a child, Dannie Royce Crowson, under the age of 16 years, with intent of arousing, appealing to, or gratifying the lust or passion or sexual desires, either of the said William Gene Hall or of said child; or of both, the said William Gene Hall and said child, against the peace and dignity of the State of Alabama."

Appellant's motion for a new trial was overruled and he now appeals.

Danny Crowson, the first witness presented by the State of Alabama, testified that on March 18, 1967, he went to a service station operated by appellant to have a basketball filled with air; that appellant repaired the ball and filled it with air; that appellant then asked him to go into a back room, which he did. The witness further testified that appellant "told me to pull down my pants;" that he told appellant he would not pull his pants down; and that appellant "started pulling them down" to his knees and unzipped the front of his own (appellant's) pants. Danny Crowson stated that appellant had his penis out; that appellant put his hand on his (Crowson's) penis; and that appellant "played with it." Crowson then testified that after appellant "played" with his penis he "played" with his own penis. He then stated that appellant zipped up his (appellant's) pants and "wiped his hand on something." Crowson then testified that appellant gave him a coco cola and a pack of peanuts and said, "if I told anybody he would kill me."

Mrs. Ila J. Crowson, mother of Danny Crowson, testified that Danny left home with her permission to get his basketball fixed; that he returned home, "threw his bicycle down" and ran into the house crying; that he related to her what had occurred at the service station; and that she then called the police.

Officer Eb Morris of the Talladega Police Department testified that he went to the Crowson home on March 18, 1967; that he, Ila Crowson, and Danny Crowson went to the service station of appellant where Danny Crowson identified appellant as the man who assaulted him.

Appellant, testifying in his own behalf, stated that Danny Crowson came to his service station with a basketball to be repaired, and that Danny watched the front of the station while he repaired the basketball in the back of the station. Hall stated that he did not pull down Crowson's pants or attempt to do so; that he never took Crowson's penis into his hands; and that he never took out his penis in Danny Crowson's presence.

Counsel for appellant moved for a continuance of the trial based on the fact

that he did not have sufficient time in which to prepare the case. He stated that "the defendant was committed to Bryce Hospital some several weeks ago and was returned from Bryce Hospital a short time ago;" that he (counsel for appellant) had "made inquiries of the district attorney, and of the court concerning a report on the condition of the defendant, and no report was furnished to the court nor to the district attorney;" and that he made "inquiry of the probate judge's office as to a report and the only thing on file there was a short letter from Bryce Hospital stating that Mr. Hall was sane." Appellant's counsel, in support of his motion for a continuance, stated that he wanted further time to have appellant examined by a psychiatrist.

We find no gross abuse of discretion by the trial court in overruling appellant's motion for a continuance. The granting or refusing of a continuance is a matter entirely within the sound discretion of the trial court, and the exercise of that discretion will not be reviewed on appeal, except in cases where it is shown that the court has abused its discretion.

In Jarvis v. State, 220 Ala. 501, 126 So. 127, wherein a conviction of first degree murder was sustained, the court held that refusal of a continuance on ground that counsel had not had sufficient time (eight days) to ascertain facts as to insanity in defendant's family was held not to constitute an abuse of discretion. See also Burton v. State, 43 Ala.App. 249, 187 So.2d 808; Jackson v. State, 229 Ala. 48, 155 So. 581.

Prior to trial, appellant moved that the district attorney be required to recuse himself from prosecuting the case. The motion was denied by the court, which ruling the appellant contends was erroneous.

The record contains testimony given by appellant in a sworn affidavit which states in part as follows:

"MR. HALL: It was around June 19th, approximately. I was setting in the courtroom and Mr. Hollingsworth [the district attorney] called me out to the door. He also called Mr. Holcomb for the purpose of having a witness. He accused me of calling him and threatening his life and his family's life. He told me never to call him any more. I told him I didn't call him in the first place, that I didn't threaten him in the first place, and after that he was real mad and he went to the Judge and said he would disqualify himself at that time on any further prosecution on my case, on any case I may have. * * *

*  *  *  *  *  *

"MR. HALL: He said if I called him any more he would lock me up and throw the key away. * * *

*  *  *  *  *  *

"MR. OGLETREE: Did he say 'if you call me again I am going to lock you up and throw away the key' or 'I am going to see that you are locked up and throw away the key'?

"MR. HALL: I couldn't say for sure. I don't know. I was stupid drunk. I don't want to lie about it and make it be one thing."

The sworn affidavit of Griffin A. Holcomb was admitted into evidence in the hearing on the motion and states in part as follows:

"I don't know the date, but it was on County Court day, on Monday. Mr. Hall came up and asked me to tell Mr. Hollingsworth that he wanted to speak to him. I got Mr. Hollingsworth over to the rail. Mr. Hall told him that he wanted to speak to him privately for a few minutes. Mr. Hollingsworth told him he didn't want to talk to him out of the presence of his lawyer. Mr. Hall said, 'I think it is something we can settle without going to court if you will just talk to me.' Mr. Hollingsworth turned to me and said, 'I don't want to talk to

him without a witness.' And he told me, 'You come on the outside with us and be a witness to what I have to say.'

"We stepped outside the courtroom in the hall next to Mr. Hollignsworth's office. Mr. Hall says: 'I want to talk to you about these telephone calls that I have been accused of making.' And Mr. Hollingsworth said, 'Before you go any further I have got something I want to say to you. I am not going to prosecute you nor sign a warrant against you for the call that I know you have made to me but if these other people, your own people, swear out a warrant against you and the case comes to court I want you to know right here and now and I am going to tell you in front of a witness that I am going to prosecute you to the fullest extent of the law.' And Mr. Hollingsworth said, 'That is all I have to say to you.' And he pushed the door open and walked out and to the best of my knowledge that is all that was said out there. * * *"

We find no decisions on this point in our jurisdiction. Consequently, we have looked to other jurisdictions and find that mere prejudice of the prosecuting attorney against the defendant will not disqualify him. State v. Taylor, 59 Idaho 724, 87 P.2d 454. See also District and Prosecuting Attorneys 27 C.J.S. 12(6)d, p. 665.

■ A motion to disqualify the State's attorney is addressed to the trial court's discretion. State v. Bosworth, 124 Vt. 3, 197 A.2d 477; State v. Taylor, supra.

■ We conclude, therefore, that courts are not required to determine the depth of the feelings of sentimentalities of a district attorney as against the accused unless it is alleged that such prejudice is to the extent that it will result in an unfair trial for the accused.

■ After reviewing the testimony on this motion, we are of the opinion that the trial court did not err in refusing to

order the district attorney to recuse himself.

After a diligent search of the record we are of the opinion that the judgment in this cause is due to be and the same is hereby

Affirmed.