HARRIS, Judge.
Appellant was convicted of robbery and the jury fixed his punishment at 40 years in the penitentiary. At arraignment he was represented by Court-appointed counsel and pleaded not guilty and not guilty by reason of insanity. After conviction he gave notice of appeal and was furnished a free transcript. Trial counsel was appointed to represent him on appeal.
The evidence presented by the State is not in conflict. Appellant did not testify and offered no testimony in his behalf.
Walter Cobb testified that he was the owner and operator of the Loop Lounge and Cafe located on Holt Street in the City and County of Montgomery, Alabama. He stated that on Friday night, May 16, 1975, two black men came in his place and requested permission to use the rest room. He gave them permission and pointed to the back of the lounge. The two. men walked to the back but instead of going into the men’s room they went into the ladies’ room. Cobb called them out of the ladies’ room and they entered the men’s room. A short time later the men came out of the rest room and approached Cobb with drawn pistols and one of the robbers, who was later identified as appellant, pointed a pistol at Cobb and said, “Freeze, this is a stick up.” Cobb further testified that at the time Clara Belser and George Larkin and a few other people were in the lounge. He stated that Larkin was knocked off a barstool by one of the men, and Clara Bel-ser ran into the kitchen but was forced to return by one of the robbers. The bandits forced everyone in the place to lie face down on the floor and while they were on the floor, the robbers took all the money from the cash register and one of the bandits took two 20 dollar bills from Cobb’s wallet.
Cobb further testified that there was a boy in the lounge who was about half drunk and when he was ordered to get on the floor, he was slow to move and one of the robbers struck him over the head with a pistol and threw him on the floor. Cobb told the robbers that the boy was drunk and there was no-point in killing him. In a few moments Cobb heard a noise up front and also heard one of the robbers say, “I told this boy not to run,” and then Cobb heard three shots. Cobb and the others stayed on the floor a few minutes after the shots were fired and then they went just outside the lounge and found the boy was still living but he died before he could be moved.
Cobb further stated that the lounge was well lit the night of the robbery and he got a good look at both robbers in close quarters and without disguises. Cobb was called to view a lineup the next day in which there were five black men all dressed alike in prison clothes. He immediately identified the number three man in the lineup as appellant. He stated that he based his identification on seeing appellant at the time of the robbery and he also made a positive in-court identification of appellant as one of the bandits who robbed his place of business on the night of May 16, 1975, at the time one of them took $40.00 out of his wallet while he was on the floor.
Clara Belser testified that she was employed at the Loop Lounge and Grill on the night of the robbery and she saw both robbers when they came in and asked to use the rest room. She stated when the robbers emerged from the rest room, both pulled pistols and told everyone present to “Freeze, this is a stick up.” She said she became scared and ran in the kitchen, but one of the bandits came and got her and said, “-, I will blow your_brains out.” She was ordered to lie face down on the floor with the others and she heard the robbers open the cash register. She stated that her pocketbook was under the cash register and after the robbery, her .22 pistol was missing from her purse. She further testified that while she was on the floor, she heard someone say, “don’t run,” and she heard gunshots.
This witness identified appellant as one of the robbers and said she based her identification on seeing him and the other bandit at close quarters in a place that was so lighted one could see everyone in the lounge. She made a positive in-court iden *974 tification of appellant as one of the bandits. This witness also attended the lineup the day after the robbery and identified appellant as the number three man in the lineup. She based her identification on seeing him the night before when he and the other man robbed the lounge and took her pistol from her purse. We quote her testimony: I picked out number three. I know faces. I know the two what came in there, and that was Oscar Curry and Martinez. I was looking right at them when they came in.”
Detectives M. R. Holt and Tom Coker both testified that they conducted the lineup and that Walter Cobb and Clara Belser viewed the lineup separately and identified appellant as one of the robbers. They stated that the men in the lineup were dressed in plain white jail clothes and there was no great disparity in their height and weight. They stated that appellant was number three in the lineup and that Cobb and Bel-ser identified him without the slightest hesitation and without any suggestions from them or anyone else.
At the close of the State’s case appellant made a motion to exclude the State’s evidence on the ground that the State totally and wholly failed to prove the elements of robbery. This motion was overruled and denied. Appellant also requested the affirmative charge which was refused. Appellant filed a motion for a new trial and this motion was overruled.
The three essential elements of the offense of robbery are: (1) felonious intent, (2) force, or putting in fear as a means of effecting the intent, and (3) by that means of taking and carrying away the property of another from his person or in his presence, all of these elements concurring in point of time. Cobern v. State, 273 Ala. 547, 142 So.2d 869; Floyd v. State, 52 Ala.App. 291, 291 So.2d 382.
It is difficult to conceive of a clearer case of robbery than was made out by the facts in this case. Where the evidence presented raises questions of fact for the jury, and such evidence, if believed, is sufficient to sustain conviction, the denial of a motion to exclude the State’s evidence, the refusal to give the affirmative charge and the overruling of a motion for a new trial, do not constitute error. Young v. State, 283 Ala. 676, 220 So.2d 843.
Appellant’s major contention on this appeal relates to the evidence involving the shooting death of a young man during the course of the robbery. He insists that the homicide is a separate and distinct crime, and testimony concerning the homicide prejudiced appellant’s right to a fair trial and constituted reversible error. We do not agree. The law is well settled that everything constituting the one continuous transaction is admissible as of the res ges-tae. Jackson v. State, 229 Ala. 48, 155 So. 581; Shields v. State, 52 Ala.App. 690, 296 So.2d 786.
The in-court identification of appellant was not tainted by the lineup. This is a clear case on “independent source.” Hannon v. State, 48 Ala.App. 613, 266 So.2d 825.
We find no reversible error and the judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.