On the trial on an indictment charging defendant with murder in the first degree of Veronica Evon Searcy by stabbing her with a knife, a jury found defendant (appellant) guilty of murder in the second degree and fixed her punishment at imprisonment for forty years. She was sentenced accordingly.
Defendant was represented by employed counsel throughout the trial. They had together filed a written waiver of arraignment *Page 190 
and a written plea of not guilty and not guilty by reason of insanity. Soon after notice of appeal from the judgment of conviction and sentence, the indigency of appellant was shown to the satisfaction of the trial court, and it appointed the same counsel to continue representation of her on appeal. However, the record shows that other counsel was employed to represent her on appeal. Her former counsel was withdrawn, and thereafter her presently employed counsel has continuously represented her on appeal.
Appellant's counsel argues for a reversal on the ground that the court did not charge the jury as to the plea of not guilty by reason of insanity. In anticipating the possibility of a countercontention to the effect that defendant should not be held responsible for any failure to request the trial court to charge the jury as to the plea of not guilty by reason of insanity, the only other issue presented by appellant is to the effect that under all the circumstances it should not be held that there was any waiver of any right she had to have the jury charged as to the plea of not guilty by reason of insanity. We need not attempt to decide that issue in view of the conclusion stated in the next paragraph hereof.
There was no evidence on the trial that defendant was insane.
 "Every person over 14 years of age charged with crime is presumed to be responsible for his acts, and the burden of proving that he is irresponsible is cast upon the accused. The defense of insanity in all criminal prosecutions shall be clearly proved to the reasonable satisfaction of the jury." Code of Alabama 1975, § 15-16-2.
The trial court should not submit the issue of insanity to the jury unless there is evidence to sustain the plea. Rice v.State, 204 Ala. 104, 85 So. 437 (1920); Knight v. State,273 Ala. 480, 142 So.2d 899 (1962); Connell v. State, 56 Ala. App. 43, 318 So.2d 782 (1974). Appellant's counsel does the best he can for her by arguing that "her appearance as a witness cannot be disregarded on her plea of insanity," but we find no authority for holding that an appellate court can assume that the appearance of the accused to the trial court should have been sufficient to convince the trial court that a jury issue was presented on the special plea of not guilty by reason of insanity.
There is no contention that there was not sufficient evidence to support the verdict of the jury that defendant was guilty of murder in the second degree. Our review of the evidence convinces us that there is no reasonable basis for such a contention.
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.