Escape in the first degree; fifteen years.
Appellant was indicted on July 29, 1980, and at arraignment on August 11, 1980, he entered a plea of not guilty. On August 20, 1980, the date set for trial, appellant requested leave to add a plea of not guilty by reason of insanity. He also requested a continuance for a psychiatric evaluation in order to formulate an insanity defense. The trial court allowed the amended plea but denied the motion for continuance and the case proceeded to trial.
The State's evidence proved that on May 1, 1980, appellant was convicted of robbery and later sentenced to forty years for that offense. He began serving his sentence at the Talladega County jail but, around noon on June 21, 1980, he was discovered missing from his cell. He was apprehended later that afternoon walking on Interstate 20 and was returned to the custody of the Talladega County Sheriff.
Appellant testified in his own behalf that he had been released from his cell to make a telephone call to his brother. He stated that when he was unable to reach his brother by telephone he "walked out" of the jail. Appellant testified that he had been "down" after his conviction and sentence for robbery, that he was suffering from "bad, real bad" depression, and that he had been "harassed" by jail inmates and guards. When asked by the district attorney whether he knew what he was doing when he walked out of the jail, he replied, "I really don't think I did, Mr. Rumsey."
At the conclusion of the court's oral charge to the jury, the following occurred:
"[THE COURT] Are you satisfied, for the State?
"MR. RUMSEY: Satisfied, your Honor.
"THE COURT: Are you satisfied for the Defendant?
 "MR. WAINSCOTT: We would except outside the presence of the jury.
"THE COURT: Pardon?
"MR. WAINSCOTT: Could we approach the bench?
 "BY THE COURT: (To the Court Reporter out of the hearing of the jury: Give him an exception to my failure to charge on insanity.
 "THE COURT: Alright, members of the jury, you may retire and make up your verdict. We will send out the two possible verdict forms for your convenience.
 "(THE JURY RETIRED TO THE JURY ROOM TO MAKE UP ITS VERDICT)
 "(THE BAILIFF INFORMED THE COURT THAT THE JURY HAD A QUESTION TO ASK THE COURT, WHICH QUESTION WAS WRITTEN IN LONGHAND BY A MEMBER OF THE JURY AND HANDED TO THE COURT, AS FOLLOWS:
 "`Are we the jury supposed to consider the factor of possible insanity of the defendant, or are we only supposed to consider the indictment as it is stated? Our jury verdict choices are only guilty or not guilty and does not mention not guilty by reason of insanity in any way.
/s/ Doyle Conville'
 "IN OPEN COURT, IN THE PRESENCE OF THE DEFENDANT, COUNSEL AS BEFORE, THE JURY WAS BROUGHT INTO THE COURTROOM AND PLACED IN THE JURY BOX:)
 "BY THE COURT: Members of the jury, I have your question and I have considered it and I will just have to answer it this way. The effect of the Court's oral charge to you was to rule that in the opinion of the Court, as a matter of law, there was insufficient evidence of insanity to submit that issue to you and the issue of insanity is not before you. Does that answer your question?
"JUROR: Yes, sir.
 "(THE JURY RETURNED TO THE JURY ROOM TO CONTINUE ITS DELIBERATIONS.)
 "MR. WAINSCOTT: Judge, we would like to except to the additional charge, the answer to the question that the Court gave, and at this point we would like to renew our exception and make a motion that the Court instruct the jury that there is a scintilla of evidence which *Page 80 
would be a possible defense in the case. And we would further point out that the fact that jury brought forth such an issue after they had gone out to deliberate suports the scintilla of evidence rule that I would ask the Court to consider at this point.
"THE COURT: I'll overrule to that.
"MR. WAINSCOTT: We except."
 I
Appellant claims that he did not have enough time prior to trial to prepare an insanity defense, and he contends that the trial court abused its discretion in not allowing a continuance.
In Dial v. State, Ala.Cr.App., 387 So.2d 871 (1979), reversed on other grounds, Ala., 387 So.2d 879 (1980), this court held that a six-week interval between arrest and trial was ample time to prepare a defense in a possession of marijuana case. In the case before us, almost two months elapsed between arrest and trial. In our judgment, preparation of a defense to an escape charge should be no more time consuming than one for drug possession, especially since the latter may often involve complicated questions of search and seizure not present in the former.
Appellant argues that an insanity defense is complicated and warrants additional preparation time. Addressing this argument in Hall v. State, 44 Ala. App. 406, 210 So.2d 852 (1968), the court stated the following:
 "In Jarvis v. State, 220 Ala. 501, 126 So. 127, wherein a conviction of first degree murder was sustained, the court held that refusal of a continuance on ground that counsel had not had sufficient time (eight days) to ascertain facts as to insanity in defendant's family was held not to constitute an abuse of discretion."
In the present case, the judge noted that trial counsel had also represented appellant on the robbery charge in May of the same year, at which time there was no insanity defense presented. The court observed that counsel was familiar enough with appellant's background to determine, prior to the date set for trial on the escape charge, whether an insanity defense was appropriate. Based on the foregoing facts and citations of authority, we find no abuse of discretion by the trial court in overruling appellant's motion for a continuance.
 II
Appellant also contends that the trial court erred in failing to charge the jury on the defense of insanity and in instructing the jury that, as a matter of law, appellant had presented insufficient evidence of insanity.
Because criminal defendants are presumed sane, insanity is an affirmative defense which must be clearly proved to the reasonable satisfaction of the jury. Ala. Code § 15-16-2
(1975); Weeks v. State, Ala.Cr.App., 342 So.2d 1335 (1975).
In a criminal prosecution, the question whether there is any evidence to substantiate a plea of insanity is one of law for the court. Knight v. State, 273 Ala. 480, 142 So.2d 899 (1962);Darrington v. State, Ala.Cr.App., 389 So.2d 189 (1980).
The legal test for insanity as a defense to a criminal charge is set out in § 13A-3-1 of the Code of Alabama 1975, as follows:
 "(a) A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law. (b) `Mental disease or defect' does not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct." [Emphasis added]
Insanity which will excuse a crime, even under the new criminal code test, must be the result of a "mental disease or defect." § 13A-3-1, supra. Emotional insanity or temporary mania, not associated with a disease of the mind, does not constitute insanity. Johnson v. State, 43 Ala. App. 224,187 So.2d 281 (1966).
In the present case, there was no evidence that appellant suffered from a *Page 81 
"mental disease or defect." The fact that he might have been "down" or "depressed," and that he "really [didn't] think he knew what he was doing" is insufficient. See Gibson v. State,49 Ala. App. 18, 268 So.2d 49 (1972). The following observation of Judge Harris, writing for the court in Gibson is apropos here:
 "Under the special plea of not guilty by reason of insanity, appellant produced four fellow convicts from Holman prison. The substance of their testimony was that appellant had trouble sleeping, appeared to be nervous, would walk the floor and talk all night, would become angry without cause, seemed to keep a lot on his mind and was easily influenced into doing things. All of the above abnormalities, noted by the four convicts from Holman, if such they be, could result from confinement incident to prison life. Certain it is that they do not meet the legal test of insanity."
In our judgment the trial court committed no error in his charge to the jury, or in his reply to their question, regarding the defense of insanity.
We have searched the record and have found no error; the judgment of conviction by the Talladega Circuit Court is therefore affirmed.
AFFIRMED.
All the Judges concur.